THE PEOPLE *ex rel.* B. F. Shipley

*v.*

JESSE MAYS.

*Filed at Mt. Vernon June 12, 1886.*

1. REMOVAL FROM OFFICE—*county superintendent of schools—only for cause.* The county board can not capriciously remove an incumbent from a public office, whether he has been elected or appointed to such office. In case of a superintendent of public schools, he can only be removed for a "palpable violation of law or omission of duty."

2. SAME—*setting up the particular duty omitted.* A plea to an information in the nature of a *quo warranto* questioning the right of one to exercise the powers and perform the duties of county superintendent of schools, as he was assuming to do, set up that the relator, who claimed the office, had been at several different and sundry times intoxicated when attending, or at the time he should have been attending, to the duties of his office of county superintendent, and thereupon an order was entered by the county board removing him from the office for "omission of duty," and declaring the office vacant, and set up the appointment of respondent by the board to fill the vacancy: *Held,* that the plea was good on demurrer. It was not necessary to allege what particular duty the relator had omitted.

3. SAME—*intoxication a ground of removal.* The intoxication of a superintendent of public schools, repeatedly, when attending, or at times when he should have been attending, to the duties of his office, shows such a palpable omission of official duty as to justify the county board in removing him from office.

4. SAME—*removal from office without written charges.* It is not essential to the validity of an order of the county board removing a county superintendent from office for palpable omission of duty, that the record shall show that charges were preferred and filed against him before any action was taken.

17—117 ILL.

5. Same—*notice of charges before removal.* Where the statute author-
izing the county board to remove an officer for certain causes, as, in the case
of the county superintendent of schools, is silent as to giving him notice of
the time and place of the trial, and an opportunity of being heard, before
taking action, no notice will be required. But in cases where the statute
requires notice to be given, it will be jurisdictional, and can not be omitted.

6. Same—*evidence on which county board may remove.* In a proceed-
ing before the county board to remove a superintendent of public instruction,
it is a matter within the discretion of that body as to the mode of procedure
by which to procure the evidence of the facts, not subject to review by the
courts. A removal from office simply on the report of a committee appointed
to investigate, will be valid in all collateral proceedings.

APPEAL from the Appellate Court for the Fourth District;
—heard in that court on appeal from the Circuit Court of
Fayette county; the Hon. WILLIAM R. WELCH, Judge, pre-
siding.

Mr. F. M. GUINN, and Mr. B. W. HENRY, for the appellant:

The superintendent of schools could be removed only for
some one of the causes specified in the statute, and the record
of the attempted removal, to be a good and sufficient record,
must affirmatively show the existence of such a cause, and
the cause must appear as an ascertained fact, and not simply
as an expressed opinion or conclusion of the board. Rev.
Stat. chap. 122, sec. 13; *Clark* v. *People,* 15 Ill. 213; *Dullam*
v. *Wilson,* 53 Mich. 392; *Ex parte Nichols,* 57 How. Pr. 416;
*People* v. *Cooper,* id. 416; *People* v. *Fire Comrs.* 72 N. Y. 445;
*People* v. *Board of Police,* 39 id. 506.

The record, to be good, should have shown that charges
and specifications were preferred and filed with the board of
supervisors against appellant, charging him with some "pal-
pable violation of law or omission of duty." 1 Dillon on Mun.
Corp. sec. 192; *People* v. *Police Comrs.* 67 N. Y. 475; *Clark*
v. *People, supra; McGregor* v. *Supervisors,* 37 Mich. 388.

It was not competent to remove appellant until after being
notified that charges had been preferred against him, and
when and where they would be investigated. 1 Dillon on Mun.

Corp. sec. 193; *McGregor* v. *Supervisors*, 37 Mich. 388; *Dullam* v. *Wilson*, 53 id. 392; *Gordon*, 43 Texas, 330; *Ex parte King*, 35 id. 657; *State* v. *Sheldon*, 10 Neb. 452; Wade on Notice, sec. 1187; *The Queen* v. *Saddler's Co. Cases*, 10 H. of L. 404; *Rosewell* v. *Otis*, 9 How. (U. S.) 330; *People* v. *Stanley*, 6 Iowa, 410; *Bates* v. *Railroad Co.* 19 id. 260; *Jones* v. *Kenney*, Hurd, (Ky.) 96; *Commissioners* v. *Claw*, 15 Johns. 537; *Commonwealth* v. *Chase*, 2 Mass. 170; *People* v. *Campbell*, 82 N. Y. 247; *People* v. *Police Comrs.* 67 id. 475; *People* v. *Fire Comrs.* 72 id. 445; *State ex rel.* v. *Police Comrs.* 14 App. Rep. 97.

It was not competent to remove appellant without some evidence being heard by the board showing him guilty of some palpable violation of law or omission of duty.

No intendments or presumptions will be indulged in favor of the legality of the action of an inferior tribunal or inferior body of limited jurisdiction, such as is the board of supervisors; but everything necessary to give them jurisdiction or authority to act, must affirmatively appear on the face of their records. *Savage* v. *County Comrs.* 10 Bradw. 204; *Gerdes* v. *Champion*, 108 Ill. 141; *State* v. *Powers*, 68 Mo. 320; *People* v. *Board of Police*, 69 N. Y. 39; *Commissioners* v. *Supervisors*, 27 Ill. 140; *People* v. *Soper*, 7 N. Y. 428; *Gervais* v. *Powers*, 1 Minn. 45; *Miller* v. *McCullough*, 21 Ark. 449; *Wills* v. *Mason*, 4 Scam. 84.

Messrs. WEBB & Cox, for the appellee:

We agree that the county board can not remove an officer from mere caprice and without cause, and that the removal must be for cause specified in the statute. We contend that the record in this case affirmatively shows the existence of such a cause as an ascertained fact. Rev. Stat. chap. 122, sec. 13; *People* v. *Higgins*, 15 Ill. 117; *Clark* v. *People*, id. 216; *Wilcox* v. *People*, 90 id. 205.

The cases cited to show that charges and specifications are necessary, are no authority, for the reason they are based

on entirely different laws, some of which expressly required written charges.

The law of Illinois does not require charges and specifications to be preferred and filed with the board of supervisors. *People* v. *Higgins,* 15 Ill. 110; *Wilcox* v. *People,* 90 id. 186.

Our laws do not require that notice be given to an officer before removal, but on the contrary, it is settled that no notice need be given. *People* v. *Higgins, supra; Wilcox* v. *People, supra; Holbrook* v. *Township,* 22 Ill. 539; *People* v. *Stout,* 11 Abb. Pr. 17; *State* v. *McGany,* 21 Wis. 493.

The act of the board in removing the relator was an executive act, and being such, it is not for the courts to dictate in what manner they shall proceed in the performance of their duty, their action not being subject to the revision of the courts; nor will courts substitute their judgment for that of the board. *Wilcox* v. *People,* 90 Ill. 207; *Spencer & Gardner* v. *People,* 68 id. 510; *Elliott* v. *Chicago,* 48 id. 293; *Porter* v. *Railroad Co.* 76 id. 561; *State* v. *Doherty,* 25 La. Ann. 119; *Attorney General* v. *Brown,* 1 Wis. 513; *Keenan* v. *Perry,* 24 Texas, 253; *Field* v. *People,* 2 Scam. 144; *Donahue* v. *Will County,* 100 Ill. 109.

Mr. CHIEF JUSTICE SCOTT delivered the opinion of the Court:

The information upon which the writ of *quo warranto* was issued in this case, sets up that Benjamin F. Shipley was, on the 7th day of November, A. D. 1882, duly elected county superintendent of schools of Fayette county, for the term of four years; that he duly qualified, and entered upon the duties of his office, and continued to execute and perform the duties thereof from thence up to the 8th day of March, A. D. 1884, at which time respondent, Jesse Mays, entered into, and from thenceforward to the time of bringing this suit exercised, the duties of such office to the exclusion of relator, without any warrant of law whatever, and still continues so

to do. To this petition respondent answered, by way of a plea, asserting his right to hold the office by virtue of certain action of the board of supervisors of Fayette county, had at their March meeting, in A. D. 1884, which action respondent sets up in his plea substantially as follows: That the board of supervisors of Fayette county, at their March meeting, A. D. 1884, removed relator from the office of county superintendent of schools of Fayette county; that a vacancy in such office was thereby created, and that he, respondent, was duly appointed by the board of supervisors to fill the vacancy; that after receiving such appointment, respondent immediately qualified as such officer, and entered upon the discharge of the duties thereon, and that by virtue of such facts so pleaded, respondent was, from and after the 10th day of March, 1884, both *de facto* and *de jure* superintendent of public schools in and for said county. The demurrer interposed to this plea was, by the court, overruled, and the relator having elected to stand by his demurrer, the court dismissed the proceedings, and rendered judgment against relator for costs. That judgment was afterwards affirmed by the Appellate Court for the Fourth District, and the relator brings the case to this court.

Section 13, chapter 122, of the Revised Statutes of 1874, provides: "The said superintendent shall be liable to removal by the county board for any palpable violation of law or omission of duty," and in case of a vacancy, for any reason, in the office of superintendent of schools, provision is made that the county board may fill such vacancy by appointment, and the person so appointed shall hold the office until the next election for county officers, when his successor shall be elected. It was under this section of the statute the county board assumed to and did remove relator from the office of superintendent of public schools of the county of Fayette, and appointed respondent to such office. It is undoubtedly true the county board can not capriciously remove an incumbent from a public office, no matter whether he has been elected

or appointed to such office. In case of a superintendent of public schools he can only be removed for a "palpable violation of law or omission of duty." In this case the plea sets up that the county board found, from the report of a committee of their body appointed to investigate the matter, that relator had been at "several different and sundry times intoxicated when attending, or at the time he should have been attending, to the duties of his office," and thereupon an order was entered by the board removing relator from the office of superintendent of schools for "omission of duty," and declaring the office vacant. Of course the demurrer admits every fact well pleaded. That being so, it distinctly appears relator was removed by the county board for "omission of duty." It is true it is not alleged what particular duty he omitted, but such particularity is not required. It is alleged he was intoxicated when attending, or at the time he should have been attending, to the duties of his office. Conceding that to be true, as must be done, it shows a palpable "omission of duty" as a public officer. The facts admitted by the demurrer bring the case clearly within the meaning of the statute and the previous decisions of this court.

It is made a point against the validity of the removal of relator, that the record ought to show that charges were preferred and lodged with the board against relator before any action was taken against him. The practice is otherwise, as settled and determined by the previous decisions of this court. This precise objection was taken in the case of *The People* v. *Higgins*, 15 Ill. 110, and it was there said: "The statute has made none of these formalities necessary, nor does the common law so interpose and attach itself to the statute as to require them." An analogous question arose and was decided in *Wilcox* v. *The People*, 90 Ill. 186, mainly on the authority of *The People* v. *Higgins, supra*. The principle of these cases covers the exact point made in the case being considered, and renders any further discussion unnecessary.

It is also insisted it was not competent for the county board to remove relator from his office without some competent evidence having been heard by the board showing that relator had been guilty of some palpable violation of law or omission of duty. In such matters the board exercise powers in the nature of judicial powers, and when such a body has jurisdiction of the subject of inquiry, their decision, whether they proceed regularly or irregularly, will be valid in all collateral proceedings. Here, the committee appointed by the board to investigate the official conduct of relator, reported that they had "examined witnesses" as to relator's neglect of the duties of his office, and found he had at "several different and sundry times been intoxicated when attending, or at the time he should have been attending, to the duties of his office," and the board chose to adopt the report as sufficient evidence upon which to base their action in removing relator from office. Whether that is the best mode of ascertaining the guilt or innocence of the party whose conduct is to be investigated, is a question as to which this court need express no opinion. It is sufficient that the mode of procuring the necessary information, adopted, is within the discretion of the board, and is not, for that reason, subject to review by this court,—certainly not in a collateral proceeding.

Another objection most confidently insisted upon is, that "it was not competent for the board of supervisors to remove relator from office until he had been notified that charges had been preferred against him, and when and where such charges would be investigated." There is much seeming force in the objection taken, and the argument on this branch of the case might, with great propriety, be addressed to the law making power. The legislature, in enacting this statute, has not seen fit to require that notice should be given to the superintendent of schools before he could be removed from office for a palpable violation of law or omission of duty, and it is not within the rightful province of courts to add anything to it

in this regard, by judicial construction or otherwise. It is simply the duty of courts to administer the law as it is plainly written, and if any hardships may result, it is for the legislative department to provide the remedy. In cases where the statute is silent as to notice to the party to be removed from office, this court has had frequent occasion to say, no notice will be required. In *The People* v. *Higgins, supra,* it was insisted the party removed "should have had formal notice of the time and place of trial" of the charges alleged against him, but it was ruled that inasmuch as the statute had required no such formality, no notice was necessary. The practice in such cases in this regard is so well and definitely settled by the former decisions of this court, the question made is no longer open for discussion.

The attention of this court has been directed to the fact that other courts have held that notice in such cases is jurisdictional, and the omission to give such notice would render the removal of the officer invalid. It is seen that in most of the cases decided, the statutes of the several States where such decisions were rendered, required that the party to be proceeded against should first have notice. Of course, when the statute requires notice to be given, it is jurisdictional, and may not be omitted. No matter what other courts may have decided, it is now the settled practice in this State, where the statute is silent upon the subject, no notice will be required to be given to an incumbent before he can be removed from office for a palpable violation of law or omission of duty.

The circuit court decided properly in overruling the demurrer to the plea of the respondent, and the judgment of the Appellate Court affirming that decision will be affirmed.

*Judgment affirmed.*