## People, etc., ex rel. Edmund O'Connell. v. Sain Welty.

1. MASTERS IN CHANCERY—*Removal of, Not a Judicial Act.*—The act of removal by the court of a master in chancery under Sec. 2, Hurd's Revised Statutes, 1898, page 1070, is an administrative and not a judicial act.

2. SAME—*Removal of—Mode of Proceeding.*—A charge, notice and trial before removal, not being expressly prescribed by the statute, are not necessary in removing a master in chancery from office, under the statute.

People v. Welty.

3. SAME—*Removal, When No Right of Appeal is Given.*—Where the right to remove a public officer is vested, by legislative or constitutional enactment, in a particular person or body, for cause, or upon notice to the incumbent, and no right of appeal or review is expressly given by law, the Appellate Court has no power or authority to inquire into the discretion exercised by such person or body, or in any manner to review such removal.

4. SAME—*Power of the Courts in Removing.*—Courts, in selecting masters in chancery, pass upon the qualifications of the person selected and appointed to that office, without being [bound by any rigid rule of evidence, and after the persons are so appointed, nearly all of their official acts come under the eye of the courts, and many of them must be approved by the courts before they are effective, and it is not necessary to construe section 2 of Chap. 90, R. S., and to say it means that good cause must be shown to the court, by notice given of a charge made and evidence heard, before the court may remove a master in chancery, when the statute is silent as to these steps.

5. SAME—*What is Good Cause for Removal.*—Masters in chancery in this State perform many official duties, as assistants to the chancellors, and, in order that their services may be efficient, they should be persons well qualified to perform these duties, and the circuit courts may with great accuracy determine from their own observation of the official conduct of these officers, or in such manner as in their judgment seems best when occasion requires it, and say that good cause exists for their removal, and then remove them therefor, not acting arbitrarily, but considerately and discreetly.

Quo Warranto.—Tried in the Circuit Court of McLean County; the Hon. COLOSTIN D. MYERS, Judge, presiding. Leave to file petition denied. Appeal by relator. Heard in this court at the November term, 1897. Affirmed. Opinion filed June 3, 1898.

R. L. FLEMING, state's attorney, and TIPTON & TIPTON, counsel for appellant.

The acts of appointing and removing a master in chancery are judicial acts, for the reason that both acts are to be performed by the court, and can not be done by the judge. There is no time fixed by the statute for the beginning of the term of master in chancery, therefore the term begins at the date of the appointment. The rule is that where a statute authorizes the appointment of an official and declares the tenure of the office, and is silent on the point of the beginning of the appointee's term, the commencement of the official's term begins to run from the date of the ap-

pointment. Hale v. Bischoff, 53 Kan. 301; State v. Stone-
street, 99 Mo. 361; Att'y Gen. ex rel. etc., v. Love, 39 N. J.
L. 476.

The power to make appointments and removals depends
entirely upon the provisions of the constitution or statute,
as the case may be, and it is the proper province of the judi-
ciary to construe and apply such provisions of the constitu-
tion or statute in case of actual litigation arising under the
same.   Cooley's Const. Lim., 108 to 113.

We make no contention that there is a general property
in an office, unless so provided by law.   An office is simply
a public station, or employment conferred by government,
and embraces the idea of tenure, duration, emolument and
duty.   United States v. Hartwell, 6 Wall. (U. S.) 385.

The master in chancery is an officer, and is so denomi-
nated by the statute.   His appointment is made by the
court, and not by the judge.   His removal for good cause
shown must also be the act of the court and not the act of
the judge.   It is a judicial act, and can only be performed
by the court.   This was the rule at common law.   Throop
on Public Officers, Sec. 379, and cases cited.   Our statute
makes the removal of master in chancery a judicial act; an
act of the court and not of the judge.   It is not an act au-
thorized in vacation.   The removal of some officers may be
only quasi-judicial, but the removal of a mastery in chan-
cery in this State is purely a judicial act, an act of the court
and not of the judge presiding.

A judicial act is the exercise of judicial power—an act
performed by a court touching the rights of parties or prop-
erty brought before it by voluntary appearance or by the
action of ministerial officers.   Flournoy v. City of Jefferson-
ville, 17 Ind. 173–4.

The words "good cause shown" mean, and can mean
nothing less than that some legal cause must be shown by
proper and competent evidence.   State v. Common Council
of City of Duluth, 53 Minn. 244.

In a case where good cause must be shown for the re-
moval of an officer, charges must be formulated with suffi-
cient exactness to give the officer an opportunity to under-

stand what he has got to meet.  Todd v. Dunlap, 36 S. W. Rep. 543; Field v. Commonwealth, 32 Pa. St. 478; Ham v. Board of Police, 142 Mass. 90; State v. City of St. Louis, 90 Mo. 19; Dillon on Mun. Corp. 250; People ex rel. Metevier, v. Therrien, 80 Mich. 187; Biggs v. McBride, 17 Oregon, 640; Dullam v. Willson, 53 Mich. 411; State ex rel. Att'y Gen. v. Smith (Neb.), 52 S. W. Rep. 700; People v. Doolittle, 44 Hun, 293; State v. Donovan, 89 Me. 448; State ex rel. Hart v. Common Council of Duluth, 53 Minn. 238; People ex rel. v. Fire Commissioners, 72 N. Y. 446; State v. McGary, 21 Wis. 502; People ex rel. v. Nichols, 79 N. Y. 582; State ex rel. v. Chamber of Commerce, 20 Wise, 68; Meech v. Lee, 82 Mich. 274; Field v. Commonwealth, 32 Pa. St. 478; State ex rel. v. Smith, 35 Neb. 13.

The power of removal vested in the court for the removal of a master in chancery for good cause shown is statutory, and the statute is the limit of jurisdiction, and jurisdiction in this, like all other cases, is power to take cognizance of a cause and decide it according to law and carry the decision into effect.  Kirk v. Vonberg, 34 Ill. 440; Fleischman v. Walker, 91 Ill. 318.

It has always been held that general conclusions or conclusions on general charges were not enough, but the facts on which the judgment was based must appear either in specific charges or in specific findings on which the party has been heard on legal proofs.  Citing Rex v. Stirling, Sayers, 174; Rex v. Mayor of Doncaster, 2 Ld Raym. 1564; Rex v. Mayor and Alderman of Doncaster, Sayers, 37; Rex v. Richardson, 1 Burr, 517; Rex v. Mayor, Alderman and Burgesses of Doncaster, 2 Burr, 738; Rex v. Mayor, etc., of Liverpool, 2 Burr, 723; Rex v. Warren, Cowp. 370; Rex v. University of Cambridge (Bentley's case), 1 Strange, 557; 2 Ld. Raym. 1348; Hereford's Case, 1 Sid. 209; The Queen v. Guy, 6 Mod. 89; Rex v. Simpson, 1 Strange, 609; Bagg's Case, 11 Coke's Rep. 97; Rex v. Shaw, 12 Mod. 113.

These cases not only require a proper hearing on proper charges, but hold that those charges must consist of the stipulated facts, and not general charges of wrong and neglect, so that it may be determined as a matter of law whether

what the removing body treats as wrong is within the legal quality of wrong; citing several cases followed and affirmed in State ex rel. Metevier v. Therrien, 80 Mich. 191.

"An attempt to remove an officer for any cause not affecting his competency or fitness would be an excess of power, and equivalent to an arbitrary removal. In the absence of any statutory specifications the sufficiency of the cause should be determined with reference to the character of the office and the qualifications necessary to fill it. Bagg's Case, 11 Coke, 93 b; Rex v. Richardson, 1 Burr, 517; State v. Love, 39 N. J. L. 14; State v. McGarry, 21 Wis. 502; State v. Common Council, 9 Wis. 254; People v. Thompson, 94 N. Y. 451." State ex rel. Ragsdale v. Walker, 68 Mo. App. 110.

Where a statutory office is held for a fixed term, or the incumbent is subject to removal only for cause, he has a right to be notified of any charges made against him; to reasonable opportunity to defend himself against such charges, and to a full and fair hearing before the authority or full body having power of removal; and there must be some testimony given at said hearing upon which to base a removal. Bagg's Case, 11 Coke's Rep. 98; Gaskin's Case, 8 Term Rep. 209; Field v. Commonwealth, 32 Pa. St. 478; Page v. Hardin, 8 B. Mon. (Ky.) 648; State v. Bryce, 7 Ohio, 436; People v. Campbell, 82 N. Y. 247; Queen v. Saddlers' Co., 10 H. L. Cases, 423; People v. St. Franciscus Ben. Society, 24 How. Pr. Rep. 217.

The office of master in chancery is fixed by the statute at two years, and the incumbent during his term can not be removed except upon a charge legally made, and notice, and an opportunity to be heard. State ex rel. v. City of St. Louis, 90 Mo. 19.

When the power of appointment of a master in chancery is once exercised, and the office is filled by appointment, the incumbent can not be displaced except in the manner provided by the statute, "for good cause shown," and this is held in People v. Higgins, 15 Ill. 110; People ex rel. v. Mobley, 1 Scam. 226.

SAMPLE & MORRISSEY and KERRICK & BRACKEN, attorneys for appellee.

For cases supporting our views—that there is no property in an office; that the power of removal is administrative and not judicial; that charges, notice and hearing are not necessary, see People v. Higgins, 15 Ill. 110; Wilcox v. People ex rel., 90 Ill. 186; Donahue v. The County of Will, 100 Ill. 94; Stern v. People, 102 Ill. 540, 550; People v. Mays, 117 Ill. 257; State v. McGarry, 21 Wis. 502; State v. Hawkins, 44 Ohio St. 98; Trimble v. People ex rel., 19 Col. 187; Keenan v. Perry, 24 Tex. 253; State v. Doherty, 25 La. Ann. 119; Ex parte Wiley, 54 Ala. 226; Patton v. Vaughan, 39 Ark. 215; State v. Frazier, 48 Ga. 137.

The fact that the power is by statute delegated to the court, to appoint and remove the master, does not make the exercise of such power judicial. Such power is often granted to courts. People v. Morgan, 90 Ill. 558; People v. Nelson, 133 Ill. 600; Owners of Land v. People, 113 Ill. 309.

MR. JUSTICE BURROUGHS DELIVERED THE OPINION OF THE COURT.

At the September term, 1897, of the Circuit Court of McLean County, the state's attorney of that county, on the relation of Edmund O'Connell, presented to the court a motion for leave to file in that court, an information in the nature of a quo warranto against the appellee; and with that motion he tendered a petition sworn to and the information sought to be filed. The court ordered the petition filed, the cause docketed, and entered a rule on the appellee to show cause why the information should not be ordered filed as prayed for in the petition.

In response to the rule the appellee filed his answer, and then the appellant moved the court to strike the answer from the files, which was by the court denied.

The cause was then heard on the petition, the answer and exhibits thereto, and the court denied leave to file the information and dismissed the petition.

The appellant brings the cause to this court by appeal, and urges as grounds for reversal that the court below erred in denying the appellant leave to file the information, and in dismissing the petition.

The petition states that the relator was, on May 28, 1897, duly appointed master in chancery of McLean county, by the Circuit Court of that county, and has from thence been, and is now such legal officer; that he has not abandoned or forfeited that office, or been lawfully removed therefrom, nor has said office, since his investment therewith, been abolished.

It further states that, on September 14, 1897, the appellee, illegally claiming the said office, under cover of a void and illegal appointment thereto, made September 13, 1897, by said Circuit Court, unlawfully usurped, intruded into, and has ever since performed the duties of said office contrary to law; wherefore the relator prays that, on motion of the state's attorney of said county, the court will enter a rule against the appellee to show cause why leave should not be given the people of the State of Illinois to file in that court an information in the nature of a quo warranto, setting up said facts, and calling upon the appellee to justify his holding said office or be ousted therefrom.

The information tendered to the court with said motion, is in the usual form, is signed by the state's attorney of said county, and is sufficient in its averments of facts, to entitle it to be answered. The answer of the appellee is under oath, and denies that he unlawfully usurped and is holding said office illegally, as in said petition charged; and it sets up that the appellee is lawfully and rightfully exercising the powers and performing the duties of said office, by regular and legal appointment thereto; that on November 30, 1895, one John A. Fulwiler, was, by the order of the Circuit Court of McLean County, legally appointed to said office for the term of two years then next ensuing, and then qualified, and acted as such officer until May 28, 1897, when he resigned said office, and his resignation was accepted by that court, and then that court appointed the relator, Edmund O'Connell, to that office, and he qualified and

acted as such officer until September 13, 1897, when said Circuit Court, by its order then regularly entered on its records, for good cause shown, removed the relator from said office and appointed the appellee thereto; and that on September 14, 1897, the appellee took the prescribed oath of office, and filed his bond as required by the said order of said court last aforesaid, which bond that court then approved. Since which time last aforesaid, the appellee has acted as such officer, as he lawfully might; and he prays that said leave to file said information be denied, and said petition dismissed.

To this answer was attached as exhibits the certified copies of the two orders of the Circuit Court of McLean County in said answer set up, and the same were made a part of said answer.

The order of said Circuit Court of date September 13, 1897, is as follows:

" It now appearing satisfactorily to the court that Edmund O'Connell, the master in chancery of this court, does not possess the kind of qualifications which are necessary to the discharge of the duties of the office of master in chancery, and it furthermore appearing that said Edmund O'Connell, in concert with others, has engaged in acts intended to frustrate and embarrass the court in the performance and exercise of its functions, duties and privileges, it is therefore ordered that said Edmund O'Connell be, and he is hereby removed from said office, and from all rights to and interest in the same. It is further ordered that he turn over and deliver to the clerk of this court or his successor, when appointed and qualified, all the property and effects in his hands or under his control as such master, and that he make a report of his acts and doings in obedience to this order.

It is ordered that Sain Welty be appointed master in chancery of this court to fill the vacancy caused by the removal of Edmund O'Connell, and that he file bond in the sum of $50,000 in the usual form, conditioned for the faithful discharge of his duties as such master.

. COLOSTIN D. MYERS,
Judge of the Circuit Court of McLean County, Ill."

The record before us in this case presents for our determination the question of the right of the appellee, Sain Welty, to the office of master in chancery of McLean county, and we think he is entitled to that office if it sufficiently appears from the facts set up in the appellant's answer, that the relator, Edmund O'Connell, was lawfully removed therefrom.

The appellant contends that the order of the Circuit Court of McLean County removing the relator, Edmund O'Connell, from the office of master in chancery, relied upon and set up by the appellee in his answer, is not shown to have been entered upon a written charge against, and notice to the said O'Connell, nor do the facts found by the court in said order constitute "good cause" for removal as is required by chapter 90 of the Revised Statutes of Illinois, entitled, "Masters in Chancery," the two first sections of which are as follows:

"Sec. 1.    That the several Circuit Courts may appoint in the respective counties in their circuits a master in chancery; * * *

Sec. 2.    The tenure of office of master in chancery shall be two years, but they may be removed from office by the court for which they are appointed for good cause shown."

While the appellee contends, that as the statute does not specially prescribe that a formal charge must be made and notice given before the court can remove, neither need be required to warrant the court in removing; hence the answer did not have to show that such was done by the court, and that the findings of the court in its said order of removal were sufficient "good cause" to warrant the order of removal.

That no formal charge need be made nor any notice given to the person to be removed from an office, before the removal is made, in cases where the statute conferring the power of removal does not prescribe that such must be done, is expressly decided by our Supreme Court in the case of The People v. Higgins, 15 Ill. 110.    And in that case the court

also holds that the common law does not so interpose and attach itself to the statute as to require such charge or notice.

The case is referred to and its doctrine approved in Wilcox et al. v. The People ex rel., 90 Ill. 206; and in that case the court refers to and approves the doctrine in the case of The People v. Stout, 19 How. Pr. 171, in which it was held that " Where the right to remove a public officer is vested, by legislative or constitutional enactment, in a particular person or body, for cause, or upon notice to the incumbent, and no right of appeal or review has been expressly given by law, this court has no power or authority to inquire into the discretion exercised by such person or body, or in any manner to review such removal."

We think the act of removal by the court, of a master in chancery under said section 2, is administrative and not judicial; that a charge, notice and trial before removal, not being expressly prescribed by the statute, are not necessary before removal.    Wilcox v. People ex rel., 90 Ill. 186; Donahue v. County of Will, 100 Ill. 94, and People v. Mays, 117 Ill. 257.

The fact that this statute confers the power of removal upon the Circuit Courts, we think does not make it a judicial act; because administrative power is often granted by legislative enactment, to the courts, and when so conferred and acted upon by the courts, such acts have been sustained. See People v. Morgan, 90 Ill. 558; People v. Nelson, 133 Ill. 600; Owners of Land v. People, 113 Ill. 309.

In the Morgan case, *supra*, at page 563, the court illustrates what are administrative acts properly exercised by courts by saying, " as when masters in chancery are appointed by the Circuit Court of this State." These courts, in selecting the masters in chancery, pass upon the qualifications of the person selected and appointed to that office, without being bound by any rigid rule of evidence; and after the persons are so appointed, nearly all their official acts come under the eye of the courts, and many of them must be approved by the courts before they are effective;

then it is not necessary to so construe said section 2 of the statute, and by judicial construction say it means that good cause must be shown to the court, by notice given of a charge made and evidence heard, before the court may remove a master in chancery, when the statute is silent as to these steps, since we know in practice that the courts are fully advised of the qualifications of such masters, by the manner in which they perform their official duty. We think the object sought by this statute does not require us to so hold.

When we consider that the masters in chancery in this State perform many official duties as assistants to the chancellors, we think in order that their services may be efficient, they should be persons well qualified to perform these duties; and the Circuit Courts may with great accuracy determine from their own observation of the official conduct of these officers, or in such manner as in their judgment seems best, when occasion requires it, and say that good cause exists for their removal, and then remove them therefor, not acting arbitrarily, but considerately and discreetly.

We know there is some force in the contention of the appellant, that if the Circuit Courts are to be the sole judges, from their own observation or in any other manner, when good cause, for which they may remove their masters in chancery from office, exists, and also the specification of what is good cause, then there is but little restraint upon them, for if they choose to remove from mere caprice, they have but to state it is from good cause, which they find to exist. But confidence must be reposed somewhere, and the power to remove is vested by this act in the Circuit Courts without prescribing the form of precedure, and whether they act by their judges, or judges and juries, after charge, notice and trial, or without these upon their own observations of the acts and conduct of these officers, or otherwise, that objection still to some extent remains. (See People v. Higgins, *supra*.)

As to the sufficiency of the facts found by the court in its order of removal, we will say that certainly if the relator did not possess the kind of qualifications which are neces-

sary to the discharge of the duties of the office of master in chancery of McLean county, then as soon as that fact was properly ascertained by the Circuit Court of McLean County it was the duty of that court to remove him from that office, and appoint another person who did possess the necessary qualifications. As the certified copy of the order of that court, in this opinion heretofore noted, was an exhibit to and part of the appellant's answer to the rule to show cause why said information should not be ordered filed as prayed for by said petition, the answer satisfied the said rule by showing conclusively, that the appellee *was* and *is* the *de jure* master in chancery of McLean county; hence the court below did not err herein, when it refused to strike the answer from the files and dismissed the petition.

Therefore we affirm the judgment appealed from in this case.

Judgment affirmed.