**People of State of Illinois, Defendant in Error, v. Cook County Distributors, Plaintiff in Error.**

Gen. No. 42,647.

Heard in the third division of this court for the first district at the April term, 1943. Opinion filed February 2, 1944.

NASH, AHERN, McDERMOTT & McNALLY, of Chicago, for plaintiff in error; DANIEL J. LAMONT, of Chicago, of counsel.

THOMAS J. COURTNEY, State's Attorney, for defendant in error; EDWARD E. WILSON, JOHN T. GALLAGHER, MELVIN S. REMBE and JOSEPH A. POPE, Assistant State's Attorneys, of counsel.

MR. JUSTICE BURKE delivered the opinion of the court.

On September 22, 1942 an information was filed in the municipal court of Chicago charging that the Cook County Distributors, a corporation, on September 4, 1942, at Chicago, Cook county, Illinois, "unlawfully, intentionally and maliciously did then and there, with intent to sell and dispose of merchandise and with the intent to induce the public to enter into an obligation relating thereto, did then and there cause directly and indirectly disseminated before the public in this state in a radio broadcast, an advertisement, which advertisement did contain an assertion, representation and statement which was untrue, in violation of Par. 249 A, Chap. 38, Ill. Rev. Stat. 1937, [Jones Ill. Stats. Ann. 37.195], contrary to the form of the statute in such case made and provided and against the peace and dignity of the People of the State of Illinois." Defendant pleaded not guilty and waived a trial by jury. The court found the defendant guilty in manner and form charged in the information. Motions for a new trial and in arrest of judgment were overruled. Judg-

ment was entered on the verdict and defendant was fined $100. The case is here on a writ of error sued out by the defendant.

The first point presented by defendant is that the information is void in that it does not advise the accused of the nature and cause of the accusation. The People meet this argument by asserting that it is sufficient to frame the indictment in the words of the statute in all cases where the statute so far individuates the offense that the offender has proper notice, from the mere adoption of the statutory terms, what the offense he is to be tried for really is, and that where an information is sufficient and properly alleges an offense, the sufficiency of the information is not preserved for review where no motion to quash such information had been made. Our Supreme Court considered this subject in *People v. Chiafreddo*, 381 Ill. 214. There the defendants were charged in an information with the offense of contributing to the dependency of their minor child. There was a verdict of guilty and judgment was entered on the verdict. The Supreme Court held that by a motion in arrest of judgment the sufficiency of the information was challenged and that the question was properly preserved. Referring to section 6, division 11, of the Criminal Code (sec. 716, ch. 38, Ill. Rev. Stat. 1941 [Jones Ill. Stats. Ann. 37.691]) that every indictment or accusation of the grand jury shall be deemed sufficiently technical and correct which states the offense in the terms and language of the statutes creating the offense, or so plainly that the nature of the offense may be easily understood by the jury, the Supreme Court said (220):

"Notwithstanding the provisions of the above statute, this court has repeatedly held that a charge in an indictment or information, even though in the language of the statute creating the offense, is not sufficiently specific and definite unless the statute, in creating the offense, particularly defines the acts con-

stituting the offense created, so that the charge can be plainly understood.''

In discussing the information in the *Chiafreddo* case, the court said (222):

*"There is nothing in this section of the statute creating the offense, defining what *acts* shall be considered as directly tending to render a child dependent and neglected or what *acts* which the person charged *fail to do* which directly tend to prevent such state of dependency or neglect. Nor is there anything in the statute which attempts to define what shall be considered as *proper parental care and guardianship*. Clearly, therefore, this is one of the cases where the statute creating the offense does not describe the act or acts which compose it. Where the statute does not define or describe the acts constituting the offense created, such acts must be set forth specifically in the information. . . . Section 9 of article II of the constitution provides that in all criminal prosecutions the accused shall have the right to demand the nature and cause of the accusation against him. While the general rule is that it is sufficient to state the offense in the language of the statute, this rule applies only where the statute sufficiently defines the crime. Where the statute creating the offense does not describe the act or acts which compose it, such acts must be specifically averred in the indictment or information.''

In *People v. Green,* 368 Ill. 242 the defendant challenged the sufficiency of the information. The People argued that the point was not saved for review because there was no motion to quash. The court went into the proposition as to whether the point was saved by the motion in arrest of judgment and said that ''on this point we will consider only whether or not the information is so defective as to be totally void.'' The court held that the question argued was properly saved for review by the motion in arrest of judgment, and

that the information, in the language of the statute, that the defendant "did then and there drive a vehicle upon a public highway of this State situated within the corporate limits of the City of Chicago aforesaid, with a wilful and wanton disregard for the safety of persons or property, contrary to the form of the statute," etc., was insufficient, void and vulnerable to attack on a motion in arrest of judgment. In the *Green* case, speaking of the information, the court states that "it thus fails to meet either of the two basic requirements of an information. It does not give defendant enough information to prepare his defense and it is not sufficiently definite to be of any value as a bar to further prosecution." The latest expression of our Supreme Court on this subject appears in the case of *People v. Rice,* 383 Ill. 584, 587. The People suggest that defendant could have asked for a bill of particulars. In *People v. Bain,* 359 Ill. 455, the Supreme Court said (473): "The indictment, which is the charge, can neither be helped nor hurt by the bill." In *People v. Flynn,* 375 Ill. 366, the mayor of Champaign, James D. Flynn, was indicted for malfeasance in the discharge of the duties of his office. He moved to quash and the motion was sustained, whereupon the People sued out a writ of error. The People insisted that the indictment in the words of the statute was sufficient. In affirming the judgment, the Supreme Court said (371): "Flynn was entitled to know what houses of prostitution, common gaming houses, and lotteries he was charged with failing to proceed against. He was not obliged to ask for a bill of particulars. An indictment, which is the charge, cannot be helped by a bill of particulars." It is the law of this State that where an information is void the question of its sufficiency may be raised by motion in arrest of judgment, or on writ of error, notwithstanding the absence of a motion to quash.

We turn now to a consideration of the statute alleged to have been violated, and the information which the People maintain sufficiently avers such violation. Section 249a, ch. 38, Ill. Rev. Stat. 1943 [Jones Ill. Stats. Ann. 37.195], so far as applicable reads:

"Whoever, with intent to sell, or in any wise dispose of merchandise . . . or anything offered by him, directly or indirectly, to the public for sale or distribution, or with intent to increase the consumption thereof, or to induce the public in any manner to enter into any obligation relating thereto, or to acquire title thereto, or an interest therein, causes, directly or indirectly, to be made, published, disseminated, circulated or placed before the public, in this state in a . . . radio broadcasting, or in any other way, an advertisement of any sort regarding merchandise, securities, service or anything so offered to the public, which advertisement contains any assertion, representation or statement of fact which is untrue, misleading or deceptive, shall be guilty of a misdemeanor and on conviction thereof shall be punished by a fine of not less than ten dollars nor more than one hundred dollars or by imprisonment in the county jail not exceeding twenty days, or by both said fine and imprisonment."

The information does not allege any ultimate fact informing the defendant as to what statement of fact made in the broadcast was claimed to be untrue. The script of the broadcast received in evidence at the trial is voluminous and contains numerous statements of fact, yet on the trial the People contended that the defendant had made only two misstatements. While the proceedings in the trial may not be considered in determining whether or not the information is sufficient, they do serve to illustrate the evil of an information such as the one in the case at bar. We are of the

opinion that the statute on which the information is based does not define or describe the acts constituting the offense, and that hence such acts must be set forth specifically in the information. The information fails to meet either of the two basic requirements. It does not give defendant enough information to prepare its defense and it is not sufficiently definite to be of any value as a bar to further prosecution. A second point discussed by defendant is that the conduct of the trial judge was prejudicial. As we have concluded that the information is void, it is unnecessary to consider the second point. We are of the opinion that the court erred in overruling the motion in arrest of judgment. The judgment of the municipal court of Chicago is reversed.

*Judgment reversed.*

HEBEL, P. J., concurs.
KILEY, J., took no part.