People of State of Illinois, Plaintiff in Error, v. Herman N. Bundesen, Defendant in Error.

Gen. No. 45,886.

Opinion filed December 9, 1952. Rehearing denied December 23, 1952. Released for publication December 23, 1952.

JOHN S. BOYLE, State's Attorney of Cook county, of Chicago, for plaintiff in error; JOHN GUTKNECHT, State's Attorney of Cook county, of Chicago, for plaintiff in error on petition for rehearing; JOHN T. GALLAGHER, RUDOLPH L. JANEGA, ARTHUR F. MANNING, WILLIAM J. McGAH, JR., SAMUEL PAPANEK, and ARTHUR AHERN, Assistant State's Attorneys, all of Chicago, of counsel.

RICHARD B. AUSTIN, of Chicago, for defendant in error.

Mr. Justice Tuohy delivered the opinion of the court.

Defendant, President of the Board of Health of the City of Chicago, was indicted on a number of counts charging "palpable omission of duty" in the administration of his office, in violation of paragraph 9–92, chapter 24, of the Illinois Revised Statutes [Jones Ill. Stats. Ann. 21.1339], which reads as follows:

"Every municipal officer who is guilty of a palpable omission of duty, or who is guilty of willful and corrupt oppression, malconduct, or misfeasance in the discharge of the duties of his office, shall be liable to indictment in any court of competent jurisdiction and, on conviction, shall be fined not exceeding $1,000. The court in which such conviction is had shall enter an order removing the convicted officer from office."

In *People v. Hughey,* 382 Ill. 136, the Supreme Court of this State, in considering the statute under which this indictment is drawn, said (p. 142):

" 'Palpable' is generally recognized as meaning easily perceptible, readily visible, noticeable, patent, plain, distinct, obvious, manifest. All these definitions of the term show that where there is an evident or plain omission of duty, it is palpable. 'Omission' is defined by Bouvier as 'the neglect to perform what the law requires.' The rule is that when the public law enjoins on certain officers duties to be performed by them for the public, and they omit to perform them, they may be indicted. * * * As used in the Act before us, it seems clear that 'palpable omission' embraces the idea of an intentional substantial failure to perform duties imposed by law, and not failure through mistake."

Section 9, Article II of the Constitution of the State of Illinois provides that the accused has the right to demand the nature and cause of the accusation against him. In regard to the certainty and particu-

larity required, the Supreme Court of this State in *People v. Hallberg,* 259 Ill. 502, said (p. 505):

"One of the rules that has always been recognized in this jurisdiction, is that there must be the highest degree of certainty as to the meaning of the indictment. * * * Courts are not at liberty, in construing indictments when challenged by motions to quash, to depart from the words of the indictment itself and to speculate as to the possible intention of the writer."

We must examine the allegations of the indictment in the light of these criteria.

The indictment, which was quashed, consisted of seven counts, the dismissal of only three of which is complained of on this review, and we shall consider them in the order presented here.

Count two charges palpable omission of duty "in that said Herman N. Bundesen then and there was informed by a letter of the Federal Bureau of Investigation of the United States Government dated February 21, 1951, and forwarded to Gustave Hermann, who then and there was Bureau Chief in said Board of Health of said City of Chicago, and which said Gustave Hermann brought to the attention of said Herman N. Bundesen that there was over one hundred and sixty thousand pounds of horse meat which had been slaughtered and shipped into the said City of Chicago to be used as human food, and said Herman N. Bundesen knowingly and wilfully failed, neglected and omitted to ascertain * * * whether or not such horse flesh was actually shipped into the said City of Chicago and was being sold for human food in violation of the laws of said State and the ordinances of the said City of Chicago * * * ."

██ The essence of the offense alleged in count two is that defendant knowingly and willfully omitted to ascertain whether an accusation which had been

brought to the attention of the Federal Bureau of Investigation and by the FBI brought to the attention of Health Bureau Chief Hermann and by the latter brought to the attention of the defendant, to the effect that 160,000 pounds of horse meat had been shipped into the City of Chicago to be used for an illegal purpose, was true.

 We do not think that the statute defendant is charged with violating imposes any such obligation on the defendant. Neither do we think that the language of this count of the indictment charges a crime with the certainty referred to in the *Hallberg* case. The court·takes judicial notice that the investigating facilities at the command of the health officer of the City of Chicago are necessarily limited. The failure to determine the truth of a charge that 160,000 pounds of horse meat had been shipped into a city of approximately four million people for illegal purposes, with no further information as to time, place or persons engaged in the illegal enterprise, fails, in our opinion, to state an indictable cause of action under the section of the statute considered. Moreover, assuming an obligation upon defendant to investigate to the limit of his facilities this report of criminal activity, he might still have failed to ascertain with any degree of certainty that such a crime had been perpetrated. The fact that he is charged with knowingly and willfully neglecting and omitting to ascertain adds nothing to the weakness of this count of the indictment in the absence of more specific information as to the nature of the willfulness charged. It is not sufficient that the indictment charges the offense in the language of the statute. In the case of *People v. Green,* 368 Ill. 242, the information charged that the defendant did "drive a vehicle upon a public highway of this State situated within the limits of the City of Chicago * * * with a willful and wanton disregard for the safety of per-

sons or property" etc. Although this information was couched in the language of the statute, the Supreme Court held the information insufficient and said at page 254:

"In this case * * * the Section under consideration does not state what act or acts shall constitute the driving of a vehicle with wilful or wanton disregard for the safety of persons or property, * * * and juries would often differ as to what acts would amount to such wilful and wanton conduct. In this case * * * an information in which such acts are specifically averred would be a sufficient charge of the violation of the section, but without such averment there is no such statement of the nature and cause of the accusation as the bill of rights requires.

"The information in the present case did not allege a single fact and there was nothing in it from which the defendant could tell definitely, or even guess, what acts he may have been charged with. * * * It does not give defendant enough information to prepare his defense and it is not sufficiently definite to be of any value as a bar to further prosecution."

See also *People v. Lee*, 334 Ill. App. 158, and *People v. Cook County Distributors*, 321 Ill. App. 394.

In *People v. Flynn*, 375 Ill. 366, three of the counts in the indictment charged that the defendant did "wilfully, intentionally and unlawfully fail and omit to perform his official duty as mayor." The Supreme Court, in sustaining a motion to quash, said (pp. 370–371):

"It is alleged he [Flynn] wilfully and knowingly failed, neglected and omitted to make any effort or a sincere effort to stop such illegal enterprises. The indictment should have charged that Flynn knew that such places existed, where they were located, and that he failed to act.

" * * *

" * * * Section 9 of article 2 of our constitution provides that in a criminal prosecution the defendant shall have the right to demand the nature and cause of the accusation against him. This was intended to give the accused such specific designation of the offense as will enable him to prepare his defense and to plead the judgment in bar of a subsequent prosecution for the same offense.

" * * *

"Flynn was entitled to know what houses of prostitution, common gaming houses, and lotteries he was charged with failing to proceed against. He was not obligated to ask for a bill of particulars. An indictment, which is the charge, cannot be helped by a bill of particulars."

We think the indictment in the instant case very similar to the one under consideration in the quoted case and the reasons for quashing apply here as well as there.

█ Count four of the indictment charged defendant with a palpable omission of duty "in that said Herman N. Bundesen when advised by the Bureau Chief, or Chiefs of the Food Inspection Department of said Board of Health of said City of Chicago, that food inspectors on the staff of the said Board of Health acted as intermediaries in attempts to bribe said Bureau Chief or Chiefs to permit the unmolested sale of horse meat for human food in said City of Chicago, then and there knowingly and wilfully failed, neglected and omitted to take proper disciplinary action against said inspectors that acted as said intermediaries and knowingly and wilfully failed, neglected and omitted to bring to the attention of the proper constituted authorities the crime of the offer or attempt to bribe * * * ." This count fails to allege the time or place

when and where the bureau chief advised the defendant of any specific facts relating to the alleged bribes. The language of the indictment is not certain or even exact, but on the contrary is extremely vague in the allegation that defendant "was advised by the Bureau Chief or Chiefs * * * that food inspectors * * * acted as intermediaries." The fact that the allegation is in the alternative, stating the *"Bureau Chief or Chiefs"* advised the defendant, would support a strong inference that defendant's knowledge was based upon mere casual conversations or gossip. If it was intended to charge that defendant had been advised by a bureau chief or by a number of bureau chiefs that attempts had been made to bribe him or them by food inspectors, the indictment should have stated who the bureau chief was or chiefs were and who the inspectors were. The information must have been available for presentation to the grand jury, and defendant was entitled to the information in order to properly prepare his defense and to be able to plead in bar on any future indictment a conviction or acquittal on this indictment. In *People v. Rice,* 383 Ill. 584, the defendant was indicted, charged with solicitation for prostitution. The first count charged that the act occurred upon the public streets of the City of Champaign. The second count charged that the act occurred with two named persons within a building in the City of Champaign. The third count was the same as the second except that it named an additional person as having been solicited. The court, in holding the indictment insufficient said (p. 589):

"The first count * * * does not name the person solicited nor designate the place of such solicitation with sufficient certainty to enable the accused to prepare a defense or to plead judgment thereon as a bar to further prosecution for the same offense. * * *

" * * * The general rule requires, in addition to the words of the statute, that the indictment specify the time, place and person and other circumstances to identify the particular transaction. * * * Could these defendants plead a judgment entered on those counts in bar of another prosecution on the same charge? * * * We think not."

■ Defendant in the instant case is charged with failing to take proper disciplinary action against subordinates after having been advised that they were guilty of improper conduct. This is not sufficient to state an indictable offense under the statute in question for the reason that it does not follow, from the mere report or rumor that bribes had been taken by subordinates, that such accusation was necessarily true, and if it were not true, then no disciplinary action would have been necessary or proper. We think the court properly quashed count four.

■ The third count complained of is count six of the indictment charging that the defendant "did wilfully and intentionally fail, neglect and omit to use any effective effort and to make any effective endeavor or attempt to stop the sale and distribution of horse meat for human food, and the keeping of horse meat in food markets where beef was kept for distribution and sale, which said sale and distribution was then and there in progress of being done in violation of the laws of Illinois at various places in said City of Chicago by various restaurants, markets and other food purveyors where meat is kept for human consumption * * * then and there well knowing that said sales and distribution of horse meat for human food was then and there in progress and said sale and distribution was being done contrary to the laws of said State of Illinois, * * * ." We think this count subject to the same objections detailed in commenting upon the other two counts, specifically in that it fails to allege that

528

defendant had knowledge of any particular person who had been or was illegally selling horse meat, or of any particular markets where horse meat was being sold, or any particular time when horse meat was being illegally sold. That information should have been afforded defendant. *People v. Flynn, supra.*

Wherefore the judgment of the criminal court quashing the indictment is affirmed.

*Judgment affirmed.*

ROBSON, P. J. and SCHWARTZ, J., concur.