The People of the State of Illinois, Plaintiff in Error,
v. Henry Wleklinski, Defendant in Error.

Gen. No. 47,908.

First District, Third Division.
April 6, 1960.
Rehearing denied May 2, 1960.

Benjamin S. Adamowski, State's Attorney of Cook county (Francis X. Riley, Assistant State's Attorney, of counsel) for plaintiff in error.

Charles A. Bellows and Jason E. Bellows, of Chicago (Sherman C. Magidson, of counsel) for defendant in error.

JUSTICE BURKE delivered the opinion of the court.

The People prosecute a writ of error to review the judgment quashing an indictment charging the defendant, the Chief of Police of Calumet City, with misconduct under the provisions of Sec. 9—92 of the Cities and Villages Act (Sec. 9—92, Chap. 24, Ill. Rev. Stat. 1959). The People urge and the defendant denies that the indictment properly charges the defendant with the commission of a crime.

Section 9—92 reads: "Every municipal officer who is guilty of a palpable omission of duty, and who is guilty of wilful and corrupt oppression, malconduct or misfeasance in the discharge of the duties of his office, shall be liable to indictment in any court of competent jurisdiction and, on conviction shall be fined not exceeding $1,000. The court in which such conviction is had shall enter an order removing the convicted officer from office." In People v. Bundesen, 348 Ill. App. 519, the court, quoting from People v. Hughey, 382 Ill. 136, said (522):

" ' "Palpable" is generally recognized as meaning easily perceptible, readily visible, noticeable, patent, plain, distinct, obvious, manifest. All these definitions of the term show that where there is an evident or plain omission of duty, it is palpable. "Omission" is defined by Bouvier as "the neglect to perform what the law requires." The rule is that when the public law enjoins on certain officers duties to be performed by them for the public, and they omit to perform them, they may be indicted. . . . As used in the Act before us, it seems clear that "palpable omission" embraces the idea of an intentional substantial failure to perform duties imposed by law, and not failure through mistake.' "

In the Hughey case the Supreme Court said that if an indictment is sufficiently specific to notify the accused of the charge he is to meet so that he may be able to prepare his defense and the charge is easily understood by the court and jury the indictment is sufficient. The cases of People v. Flynn, 375 Ill. 366, and People v. Bundesen, supra, hold that it is not sufficient in a prosecution for violation of the cited statute that the indictment charges the offense in the language of the statute.

Count 1 of the indictment charges that vice conditions in the city were open and notorious from January 1, 1958, to January 27, 1959, during all of which time the defendant was the Chief of Police. The indictment charged that violations of the law were openly and notoriously carried on in the city and that houses of prostitution were allowed to be kept and operated. Females were procured to come into the city for the purpose of prostitution. Females solicited for prostitution in the city. The owners and lessees of buildings and parts of buildings permitted obscene and indecent entertainment to take place. All violations except one took place on State Street in the municipality. The names of these places and the street addresses are specifically given. The defendant had knowledge of these places. This count states that the defendant then and there well knew of the open violations charged and that he wilfully failed, neglected and omitted to exercise due diligence to enforce the laws of the city and the state: (a) relating to prostitution and to prevent and stop the presenting of indecent and obscene entertainment; (b) to prevent the solicitation for prostitution in the buildings, rooms and parts thereof previously mentioned; (c) to prevent and to stop the keeping of houses of prostitution in the buildings; (d) to cause the prosecution of the keepers of the houses of prostitution; (e) to ascertain with certainty and good faith whether or not such houses of prostitution actually existed; (f) to require in good faith that policemen in the city who were under his authority and command, to investigate carefully and diligently to ascertain whether houses of prostitution and solicitation for prostitution were then being operated and practiced in the buildings; (g) to ascertain with certainty and good faith whether owners and/or lessees of the buildings presented obscene and indecent enter-

235

tainment in the buildings; and (h) to prevent the public from frequenting the buildings and parts of buildings which were being used for purposes of prostitution. The defendant was informed of the time and the names and addresses of the houses of prostitution, and the places where obscene and indecent entertainment took place. Criticism of some of the allegations in this count has merit. We think that the charge will be understood by the court and jury and that the defendant will be able to prepare his defense. In our opinion the first count of the indictment avers the essential elements of the crime and is not vulnerable to the motion to quash.

Count 2 is inadequate because it does not allege that the defendant knew of the existence or location of the places of prostitution and indecent and obscene entertainment, nor does it allege where such practices were carried on. Counts 3 to 8 have similar defects. These counts do not incorporate by reference important allegations of Count 1. Count 9 fails to conclude that the actions of the defendant were "against the peace and dignity of the same," People of the State of Illinois, as required by Sec. 33 of Art. VI of the Constitution. We do not find fault with Counts 10 to 16, inclusive. Count 17 lists the dates of arrest of various persons covering a period of five years and charges the defendant with restricting prosecutions to the violations of city ordinances. There is no proper allegation that charges against the arrested persons should have been brought under the state laws. The nature of the charge to be brought in the individual cases was a matter for the judgment of the prosecuting authorities. The 18th Count is similar to the 17th Count and has the same defects.

For the reasons stated the judgment is affirmed as to Counts 2, 3, 4, 5, 6, 7, 8, 9, 17 and 18 and reversed as to Counts 1, 10, 11, 12, 13, 14, 15 and 16 of the indict-

ment and the cause is remanded with directions to deny the motion to quash Counts 1, 10, 11, 12, 13, 14, 15 and 16 and for further proceedings consistent with these views.

Judgment affirmed in part and reversed in part and cause remanded with directions.

BRYANT, P. J. and FRIEND, J., concur.