The People of the State of Illinois, Plaintiff in Error,
v. Russell T. Beebe, Defendant in Error.

Gen. No. 61–F–6.

Fourth District.

May 19, 1961.

John J. Hoban, of East St. Louis, for appellant.

Robert H. Rice, of East St. Louis, for appellee.

CULBERTSON, P. J.

This matter comes before us on writ of error from the Circuit Court of St. Clair County, to review the action of the Circuit Court of St. Clair County in quashing an indictment pursuant to motion. The indictment charges defendant, Russell T. Beebe, Police Commissioner of the City of East St. Louis, Illinois, with palpable omission of duty under the City & Villages Act in this State (1959 Illinois Revised Statutes, Chapter 24, Paragraph 9–92).

The indictment at issue is a one count indictment, charging defendant with misconduct for failure to per-

form his duty, and in its charging portion states "that he did wilfully and intentionally fail, neglect, and omit to use any sincere effort, or make any sincere endeavor, or attempt whatsoever, to stop, or suppress said 'Paramount Club,' a common gaming house, which was then and there operating in violation of the laws of the State of Illinois." The Circuit Court found that such indictment was fatally defective, and allowed the motion to quash.

The People, in this Court, contend that the indictment is sufficient since it advised defendant of the nature of the charge against him, and gave him all the facts which are necessary to permit him to prepare his defense. The indictment under consideration simply stated that on July 4, 1959 there was a gaming house known as the "Paramount Club," operating within the city of East St. Louis, and that defendant had the responsibility for conservation of the peace, and the duty of suppressing crime in the City, and then charged him with failing and refusing to perform his duties as Commissioner of Police.

The Illinois Constitution codified a common law rule that there should be certainty and particularity in indictments (Illinois Constitution of 1870, Article II, Section 9). The specific Illinois Statutes involved make the keeping of a gaming house a crime, but there is no charge in the indictment relating to the keeping of a gaming house (1959 Illinois Revised Statutes, Chapter 38, Paragraph 325). The indictment, in fact, does not charge facts disclosing the commission of an offense (People vs. Bundesen, 348 Ill. App. 519, 109 N.E.2d 385). In the case of People vs. Bundesen, supra, Bundesen was charged with failing to make an effective effort to stop the sale of horse meat for human food in the city. The Court indicated that defendant Bundesen, while he was charged with omitting to ascertain a particular fact, could have investi-

gated and still not have ascertained the fact, and accordingly, quashed the indictment. The indictment in the instant case, in charging Beebe with failing to use any "sincere" effort to stop the gaming house, contains an assumption that Beebe had the necessary knowledge and information to do so. In the Bundesen case it was, likewise, charged that Bundesen failed to use any effort to stop the sale of horse meat for human food. It was stated by the Court that such indictment specifically fails to allege that defendant had knowledge of any particular person who had been or was illegally selling horse meat, and that this information should have been afforded defendant.

▮▮ The Court in the instant case obviously concluded that defendant Beebe was entitled to know the particular person or persons who were operating or keeping a gaming house. Indictments in criminal cases should precisely inform defendant of the charge so it could be pleaded in bar of any future action. The failure to name the operators involved was sufficient in itself to justify the motion to quash.

The order of the Circuit Court of St. Clair County granting such motion will, therefore, be affirmed.

Affirmed.

HOFFMAN, J. and SCHEINEMAN, J., concur.