(No. 38978.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* JOHN H. SOUKUP, Plaintiff in Error.

*Opinion filed November 22, 1968.*

WARD, J., took no part.

JOHN H. SOUKUP, *pro se*.

WILLIAM G. CLARK, Attorney General, of Springfield, and JOHN J. STAMOS, State's Attorney, of Chicago, (FRED G. LEACH, Assistant Attorney General, and ELMER C. KISSANE and JOHN M. GOLDBERG, Assistant State's Attorneys, of counsel, ) for the People.

Mr. JUSTICE KLINGBIEL delivered the opinion of the court:

John H. Soukup, hereinafter called defendant, was indicted together with Anthony R. Wollenberg and Roswell Field for the crimes of attempted robbery, attempted murder and aggravated battery. Field pleaded guilty, while Wollenberg and defendant were tried by jury and convicted. Wol-

lenberg's conviction has heretofore been affirmed on appeal. (*People* v. *Wollenberg*, 37 Ill.2d 480.) The defendant—who was sentenced to 1 to 10 years for attempted robbery, 5 to 15 for attempted murder, and 5 to 15 for aggravated battery, the sentences to run concurrently—seeks review of his conviction, contending he was not properly indicted and was not accorded a fair trial. He appears *pro se,* his appointed attorney having been granted leave to withdraw on the ground that an appeal would be frivolous. See *Anders* v. *California,* 386 U.S. 738, 18 L. Ed. 2d 493, 87 S. Ct. 1396.

The record shows that on the evening of January 21, 1963, Joseph and Alice Tripicchio were watching television in their second-floor apartment. At about 10 P.M. there came a knock at the door. When Tripicchio opened it two men were there, one of whom announced a stickup. Tripicchio tried to close the door but the man blocked it with his foot and started shooting a gun. Tripicchio was hit in the left arm. His wife was shot three times in the abdomen. Wollenberg and defendant were the two men at the door, the former doing the shooting. The co-defendant, Roswell Field, waited downstairs. The facts shown by the evidence, which need not be related further here, appear more fully in the opinion in *People* v. *Wollenberg,* 37 Ill.2d 480.

Defendant contends he was not indicted, claiming only Wollenberg's name appears thereon. The grand jury returned two indictments, each containing three counts. Each indictment is entitled "People of the State of Illinois vs. Anthony R. Wollenberg, et al." In the body of each count the names of the three defendants are fully set out, and the elements of the crime charged were alleged with sufficient particularity to enable defendant to prepare his defense and sustain a plea of judgment in bar of any further prosecution for the same offense. There is no basis whatever for the contention.

Defendant claims he was not proved guilty because ac-

cording to his testimony, as well as that of his girl friend, they were together in a distant restaurant at the time of the offense. There is testimony to the contrary, however, identifying him as a participant which, if believed by the jury, is ample to sustain the conviction. Questions of credibility of witnesses and the weight to be given to their testimony are not for this court to decide.

It is urged that under the provisions of the so-called Four-Term Act (Ill. Rev. Stat. 1961, chap. 38, par. 748) defendant was entitled to be released for want of prosecution. He argues that the State obtained an extension by misrepresenting Mrs. Tripicchio, a material witness, to have a heart condition from which she had not sufficiently recovered to enable her to attend, and that during the trial she stated she had never had heart trouble in her life. A similar contention was rejected in the *Wollenberg* appeal (37 Ill.2d at 485-487) where we pointed out that the principal ground for the extension was the fact that Mrs. Tripicchio had not recovered from her bullet wounds at the time. It is unnecessary to fully discuss the contention again here.

Defendant further maintains he was convicted on perjured testimony, given by the accomplice Field because of promises by the State's Attorney that he would be given probation if he testified against defendant. There is no merit to the position. In the *Wollenberg* case, where a similar contention was rejected, we pointed out that "while the accomplice's testimony was attended with infirmities, *viz*: that he was a self-confessed criminal testifying upon promise of leniency, the jury was apprised of these factors and we may assume that they took them into consideration in reaching their verdict." (37 Ill.2d at 485.) A like result must follow here.

We have carefully considered defendant's contentions, most of which are similar to corresponding ones raised and decided in the *Wollenberg* case, but find no merit in any of them. There was ample evidence to justify the jury in find-

ing defendant guilty beyond a reasonable doubt, and nothing has been shown to indicate he did not receive a fair trial. The judgment of the circuit court of Cook County is affirmed.

*Judgment affirmed.*

Mr. Justice Ward took no part in the consideration or decision of this case.