People of the State of Illinois, Plaintiff-Appellee,
v. Fred Diesel, Defendant-Appellant.

Gen. No. 70–68.

Second District.

September 1, 1970.

Franz, Franz, Wardell and Lindberg, of Crystal Lake, for appellant.

William J. Cowlin, State's Attorney of McHenry County, of Woodstock, and Thomas F. Baker, Assistant State's Attorney, for appellee.

JUSTICE THOMAS J. MORAN delivered the opinion of the court.

This matter is transferred to this court upon the order of the Supreme Court.

Defendant, Fred W. Diesel, after a bench trial was convicted of gambling and was fined $25 and costs.

The charge grew out of an incident which occurred on May 6, 1969, when Police Officers May and Molitor, of the Crystal Lake Police Department, entered Christo-

pher's Lounge in Crystal Lake, Illinois. According to the testimony of the officers, they discovered six men sitting at a round, wooden table; each was observed to be holding cards in his hands. United States currency, in bills and change, were in front of each of the men and some currency was toward the center of the table. As the officers approached, the men placed the currency in their pockets. A deck of playing cards was confiscated by the officers.

The report of proceedings reflects that on June 16, 1969, the following colloquy took place between the defendant and the court:

| | |
|---|---|
| THE COURT: | "Mr. Diesel?" |
| | A. "Yes, sir." |
| THE COURT: | "You are charged with Gambling?" |
| | A. "Not guilty." |
| THE COURT: | "I will place it on the Jury Call." |
| FRED DIESEL: | "Can I waive the jury call?" |
| THE COURT: | "Yes, Jury is waived." |
| FRED DIESEL: | "I am going to be out of town the month of July." |
| THE COURT: | "I am going to set it for August the 18th, 1969, at one-thirty (1:30 p. m.). Be here at that time." |
| FRED DIESEL: | "All right." |

A waiver of trial by jury, signed by the defendant, was filed the same day.

During the trial on August 18, 1969, the defendant was not represented by counsel; he did not testify. The two police officers were the sole witnesses; both were cross-examined. The magistrate found the defendant guilty of gambling. Under section 28-1 of the Criminal Code (Ill Rev Stats 1967, c 38, § 28-1), a conviction of gambling authorizes a maximum sentence of one year in a penal institution (other than a penitentiary) and a $500 fine.

On appeal, defense counsel contends that defendant was not advised of his right to counsel, that the record fails to show that defendant understood the nature of a jury trial or that he understandingly waived his right to the same, that the complaint was fatally defective and that the defendant was not proved guilty beyond a reasonable doubt.

■ A review of the record reveals that the court did not advise the defendant of his right to be represented by counsel, nor is there an indication that the defendant ever requested counsel. However, the duty of the court to advise a defendant charged with a misdemeanor not punishable by a penitentiary sentence, has been considered and passed upon by the Illinois Supreme Court in the case of The People v. Dupree, 42 Ill2d 249, 246 NE2d 281 (1969). There, the Court held that a defendant charged with a misdemeanor not punishable by a penitentiary sentence, suffered no violation of his statutory or constitutional rights by the failure of the court to advise him of his right to counsel. In that case, as in the instant case, no request was made for representation by counsel. The ruling of the Court in that case is controlling here.

Defendant complains that he was deprived of his constitutional right to trial by jury because the record fails to show that he understood the nature of a jury trial or understandingly waived his right to a jury trial as required by section 103-6 of the Criminal Code (Ill Rev Stats 1967, c 38, § 103-6), and cites as authority, People v. Turner, 80 Ill App2d 146, 225 NE2d 65 (1967) and People v. Bell, 104 Ill App2d 479, 244 NE2d 321 (1969). The factual situations in both of those cases make them inapposite to the facts found in the instant case. In Bell, the colloquy between the court, the defense attorney, and the defendant, when read from the record, was equivocal and led the court to the conclusion that the defendant's waiver was not understand-

391

ably made. In the Turner case, the record failed to indicate that the defendant was, at any time, instructed as to his right to a jury trial. Additionally, it was shown in that case that the defendant was illiterate, which would seem to have brought the court to the conclusion that the waiver had not been understandingly executed.

■ ■ This court agrees that it is the duty of the trial judge to see that a jury waiver is understandably made. Whether such a waiver has been understandingly made rests on the peculiar facts of each case, and cannot be governed by any precise formula. The People v. Wesley, 30 Ill2d 131, 133, 195 NE2d 708 (1964). This is further substantiated by the fact that the same court which decided the Turner and Bell cases, recently decided the case of People v. Greenwood, 115 Ill App2d 167, 173–175, 253 NE2d 72 (1969). There the court held that the defendant indicated his understanding of the nature of a jury trial when he clearly stated his desire to waive a jury trial and signed the jury waiver. There was no reason for the trial judge to make a further explanation.

■ We are convinced by the circumstances and the facts of this case that the written waiver of the jury trial was understandingly executed by the defendant, and his verbal act of waiving the jury was made after the court had indicated to him that the case would be handled and decided by a jury. Accordingly, we find this assignment of error to be without merit.

Defendant next claims that the criminal complaint charging him was defective and violated section 111–3 (a) (5) of the Criminal Code (Ill Rev Stats 1967, c 38, § 111–3(a)(5)) in that the complaint did not name the defendant, Fred W. Diesel.

Chapter 38, section 111–3(a)(5) provides, in part:

"(a) A charge shall be in writing and allege the commission of an offense by: . . . (5) Stating the name of the accused, if known, and if not known, designate the accused by any name or description by which he can be identified with reasonable certainty."

The complaint, a single sheet, states in part:

"THE PEOPLE OF THE STATE OF ILLINOIS

vs.

Fred W. Diesel
100 W. Crystal Lake Ave.
Crystal Lake, Ill.

Defendant

CRIMINAL COMPLAINT

Complainant, Sgt. James Molitor, on oath charges: That on May 6, 1969, in McHenry County, ——— committed the offense of Gambling in that in that he played a game of chance and skill, at 109 N. Main St. Crystal Lake, Ill. commonly known as Christophers Lounge, namely, a card game for money or other thing of value, in Violation of Section 28–1, Chapter 38, Illinois Revised Statutes."

██ While defendant's name was not entered in the blank between the words "county" and "committed," his full name and address are set forth in the caption. This court has considered the caption as part of the body of the complaint when there is no conflict between the two. People v. McGrath, 85 Ill App2d 388, 229 NE2d 14 (1967). The body of the complaint in the instant case alleges ". . . that *he* played a game of chance . . ." and a common-sense reading of the complaint leaves no

honest doubt that the defendant charged is Fred W. Diesel.

This is not a case in which only one of the three persons charged in the body of the pleadings is mentioned in the caption (The People v. Soukup, 41 Ill2d 94, 96, 242 NE2d 158 (1968)), nor is it a complaint which fails to allege the names of operators of a gaming house (People v. Beebe, 30 Ill App2d 435, 436–437, 174 NE2d 880 (1961)), which are relied upon by the defendant. We appreciate that complaints charging multiple defendants, naming victims, charging several offenses or involving conflicts between the caption and the body of the charge could lead to other results. However, such questions are not presented by the facts in this case.

■ ■ Since the purpose of the complaint is to apprise the defendant of the elements of the crime with sufficient particularity as to enable him to prepare his defense and plead a judgment of conviction or acquittal in bar of a second prosecution for the same offense, (The People v. Soukup, supra), we are of the opinion that the test is met and satisfied in this case.

■ ■ The defendant complains that the State failed to prove him guilty beyond a reasonable doubt. A reviewing court will not disturb a guilty finding in a bench trial of a criminal matter unless the proof is so unsatisfactory or implausible that it justifies a reasonable doubt as to the defendant's guilt. The People v. Woods, 26 Ill2d 582, 585, 187 NE2d 692 (1963) ; The People v. Boney, 28 Ill2d 505, 510, 192 NE2d 920 (1963). In the case at bar, the testimony of the police officers ascertained that they came upon the defendant who, with others, was seated at a table in Christopher's Lounge, that the defendant and the other were holding cards in their hands, currency was in front of each of the parties and an amount of currency was near the center of the table.

Both direct and circumstantial evidence is found in the record to substantiate the trial court's judgment.

For the reasons set forth herein, the judgment of the trial court is affirmed.

Judgment affirmed.

DAVIS, P. J. and ABRAHAMSON, J., concur.