(No. 26795.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* BEECHER HUGHEY, Plaintiff in Error.

*Opinion filed January 21, 1943—Rehearing denied March 10, 1943.*

LEE BOLAND, and JAMES S. BALDWIN, (FLOYD E. THOMPSON, and ALBERT E. JENNER, JR., of counsel,) for plaintiff in error.

GEORGE F. BARRETT, Attorney General, and IVAN J. HUTCHENS, State's Attorney, for the People.

Mr. CHIEF JUSTICE STONE delivered the opinion of the court:

Plaintiff in error was found guilty in the circuit court of Macon county under an indictment charging palpable omission of his official duty as commissioner of the city of Decatur. He was fined $1000 and removed from office. The Appellate Court for the Third District has affirmed this judgment and the cause is here on writ of error.

The indictment consisted of four counts. He was found guilty on the first count, which charged in effect that he,

by virtue of his office, received a check, which is set out *in haec verba* in the indictment, drawn by Mrs. Roy W. Christy, payable to the Frank Tenney Pontiac Co. for $72; that this check was the property of the city of Decatur and it was his official duty to deposit it in the city treasury; that he failed to perform that duty and was therefore guilty of palpable omission of duty.

Plaintiff in error contends here that the indictment does not charge an offense and should have been quashed by the trial court on his motion. He also assigns as error rulings on admission of evidence and instructions, and says that the record is barren of proof that he acted wilfully and corruptly to injure the municipality or the public service, or that he was guilty of an intentional failure to perform duties imposed by law, and that he was not guilty of a palpable omission of duty.

In the indictment the check was set out *in haec verba* and plaintiff in error's counsel say that it shows on its face that it was not payable to the city of Decatur nor to plaintiff in error; that it was nowhere alleged how the check became the property of the city of Decatur or how it became the duty of plaintiff in error to deposit it in the city treasury, and so no charge was made against him.

The rule is that if an indictment is sufficiently specific to notify the accused of the charge he is to meet, so that he may be able to prepare his defense, and the charge is easily understood by the court and jury, the indictment is sufficient. (*People* v. *Brunkala,* 359 Ill. 206; *People* v. *Westerdahl,* 316 id. 86; *People* v. *Love,* 310 id. 558.) In this case the indictment charged ownership of the check to be in the city and likewise that it was the duty of plaintiff in error to deposit it with the city treasurer, and that by his failure so to do he was guilty of palpable omission of duty. We are of the opinion that this count acquainted plaintiff in error with the nature of the charge so as to enable him to prepare his defense against it. It averred

the check was the property of the city. How it became such and why it was not made out to the city, were matters of proof unnecessary to be alleged in an indictment. The indictment would have been sufficient without setting out the check *in haec verba*. *People* v. *Jasiecki,* 301 Ill. 23.

Counsel for plaintiff in error argue, however, that where it is shown by the language of the indictment itself, notwithstanding the averment of ownership in the city, that the check was made out to someone else and not to the city, that fact refutes the charge of ownership of the check in the city. This conclusion does not necessarily follow, for, as just stated, the question how it became the property of the city is a matter of proof. The charge in the indictment that the city owned it was sufficient to advise plaintiff in error of the charge against him. It was not error to overrule the motion to quash.

It is next contended it was error to admit, over the objection it was not the best evidence, the statement of the bookkeeper for the Frank Tenny Pontiac Co. that the sum of $72 represented by the check was credited to plaintiff in error's personal account. The record shows that the ledger account was received in evidence, so the fact of the form of credit was apparent from that exhibit. Such a statement by the bookkeeper could hardly be said, therefore, to have been harmful. Plaintiff in error's counsel also contends that it was error to refuse to permit the garage service manager to state why he made the charge slips in the name of plaintiff in error; that the record is devoid of evidence of any directions from plaintiff in error as to the manner of entering the charges on the records of the garage and that he is not to be bound by the acts of others and was therefore entitled to show, before the jury, the circumstances under which the service manager placed the name of plaintiff in error on the charge tickets. Counsel for the People answer that as plaintiff in error was

tried for palpable omission of a duty to deposit the check with the city treasurer, proof of his intention in delivering the check to someone else or proof as to how a charge by the payee of the check happened to be entered in his name instead of that of the city, were not issues in the case and not material. This is so for the reason that the charge against him is the failure to perform a duty, and the reason why he so failed, unless it tended to show he was prevented from performing that duty, could scarcely affect the charge against him. He is not charged with defrauding or attempting to defraud the city. The argument is also made that plaintiff in error should have been permitted to tell his purpose in giving the check to the Frank Tenney Pontiac Co. and to testify whether he knew it was his duty as city commissioner to deliver Christy's check to the city treasurer. While it is conceded that ignorance of the law does not excuse a failure to obey it, counsel say that in a case such as this, where the People have charged the possession of a check which was not made out to the city, and alleged the ownership of the city in it, it was competent to explain to the jury the facts surrounding the taking of the check.

The charge in the indictment was that plaintiff in error knew the check belonged to the city. If this was true, his motives in turning the check over to somebody else were not material. It is not claimed that he had any authority or power to do anything with the check, when he knew it belonged to the city, except to turn it in to the city treasury. It was not error to exclude this testimony.

Complaint is made of certain instructions, either that they are not based on evidence, or are mere abstract propositions of law. The argument, however, does not point out specifically wherein any one or more of the instructions were erroneous. It is necessary, in objections to instructions, that counsel point out specifically the particular in-

struction or instructions objected to and wherein the giving of them was error.

It is also contended by plaintiff in error's counsel that to sustain a verdict of guilty there must be proof, either direct or circumstantial, that the plaintiff in error had actual knowledge as to his duty and that his acts were done corruptly and with intent to injure the municipality or public service. Counsel cite no authorities to support this contention and admit that it is the law that he should have known that all monies belonging to the city should go to the city treasurer and that it was his duty to have the Christy obligation paid to the city. Therefore the argument as to the propriety of proof concerning his knowledge of his duty is inconsistent with his admission as to what the law is. We find no error in this regard.

Plaintiff in error's next contention is that the record lacks proof that he acted wilfully and corruptly to injure the city or that there was an intentional substantial omission of duty imposed by law, amounting to palpable omission. "Palpable" is generally recognized as meaning easily perceptible, readily visible, noticeable, patent, plain, distinct, obvious, manifest. All these definitions of the term show that where there is an evident or plain omission of duty, it is palpable. "Omission" is defined by Bouvier as "the neglect to perform what the law requires." The rule is that when the public law enjoins on certain officers duties to be performed by them for the public, and they omit to perform them, they may be indicted, as, for example, under a former statute, supervisors of highways were required to repair public roads and the neglect to do so rendered them liable to be indicted under that act. As used in the act before us, it seems clear that "palpable omission" embraces the idea of an intentional substantial failure to perform duties imposed by law, and not failure through mistake. This is the effect of the decision of this court in *People ex rel. Shipley* v. *Mays,* 117 Ill. 257.

Plaintiff in error in this case does not deny that the check in question was, at his direction, made payable to the Frank Tenney Pontiac Co.; that the funds represented by the check were due and owing to the city of Decatur for the use of its machinery, and that he delivered the check to the payee named therein. The effect of such course of conduct was to ignore the provisions of the statute requiring that funds belonging to the city and received by an officer be deposited in the city treasury. His counsel argue that the check was used in the payment of a debt of the city which arose in plaintiff in error's department. Had it been deposited in the city treasury it could have been appropriated to whatever purpose the city saw fit to apply it. Under plaintiff in error's version of the facts, the effect of what was done was to pay a debt arising in plaintiff in error's department, as street commissioner, with funds not appropriated for that purpose, with the result that the appropriation to that department was augmented by that amount, and the general fund of the city was loser to that extent. Were such procedure permitted, there is no limit to the extent to which public officers might go in ignoring the provisions of the statute, resulting in serious confusion to the finances of the city in the use of funds not appropriated to the purpose for which they were used.

The offense charged here is a palpable failure or omission to do that which it was the duty of plaintiff in error to do under the statute, and the fact, if it be a fact, that the city was not harmed because its lawful debt was paid with the funds, does not constitute a defense to the charge. It is not essential that pecuniary damage results to the public by reason of the officer's irregular conduct or that the officer should have acted from corrupt motives.

It is also urged that prejudicial error was committed in rulings on evidence. Particular complaint is made of a volunteer statement of one Sprague, a deputy sheriff of Macon county, on cross-examination who had been called

as a witness on behalf of the State. During cross-examination by defendant's counsel he was asked what conversation he had with defendant. He answered, "Well he came in there and I booked him. We have cards, and he had ten indictments against him. I taken him in the office and made out a card on him, an arrest card." The answer was immediately disclaimed by defendant's counsel as not responsive, and a motion was made to strike it. The motion was denied on the ground that counsel had asked the witness for further conversations. This was error. The answer was not only not responsive to the question but was highly prejudicial in that it informed the jury that a grand jury had returned other indictments against plaintiff in error—ten of them. Indeed it is doubtful whether the prejudice could have been removed by sustaining the motion to strike and admonishing the jury that it was not to be considered by them. Clearly the prejudicial effect was heightened by the court's refusal of the motion to strike. Proof of other indictments against the accused tends to build in the minds of the jurors the belief that he has been engaged in other acts of misconduct. Such proof was not admissible. *People* v. *King,* 276 Ill. 138; *Addison* v. *People,* 193 id. 405. The case was one in which it cannot be said that it should be affirmed notwithstanding the error committed.

For this error the judgment is reversed and the cause is remanded for a new trial.

*Reversed and remanded.*

Mr. Justice Fulton took no part in the consideration or decision of this case.