VEGAS FRANCHISES, LTD., A LIMITED PARTNERSHIP, DBA STEAK CORRAL, APPELLANT, v. CULINARY WORKERS UNION, LOCAL NO. 226, ET AL., RESPONDENTS.

No. 5234

November 9, 1967                    433 P.2d 263

*John Peter Lee,* of Las Vegas, for Appellant.

*Joseph C. Crawford,* of Las Vegas, and *Philip Paul Bowe* of *Carroll, Davis, Burdick and McDonough,* of San Francisco, California, for Respondents.

*Bissett, Logar and Groves,* of Reno, and *Neyhart and Grodin,* of San Francisco, California, Amicus Curiae.

## OPINION ON REHEARING

By the Court, THOMPSON, C. J.:

On the appeal of this case we ruled that the unions' peaceful picketing of the employer's place of business to coerce the employees' choice of bargaining representative against their will, violated the public policy of Nevada as expressed by NRS 614.090, and could be enjoined. Vegas Franchises, Ltd. v. Culinary Workers Union, 83 Nev. 236, 427 P.2d 959 (1967). We expressly overruled the dictum of Culinary Workers v. Court, 66 Nev. 166, 207 P.2d 990 (1949), commonly known as the

White Cross case, suggesting to the contrary, but failed to mention a 1951 decision of this court, Jensen v. Labor Council, 68 Nev. 269, 229 P.2d 908, which accorded the dictum of White Cross the force of precedent and followed it. We granted rehearing to reconsider our opinion in the light of Jensen. For the reasons hereafter expressed we conclude that our opinion on appeal was correct and we reaffirm it.

NRS 614.090 was enacted in 1937. Its title: "An Act relating to employers, employees, workers and laborers and associations and combinations thereof; providing the right of adversary parties in labor disputes and negotiations to representation by representatives of such parties' choosing; providing a penalty for the violation hereof."

The body of the act declares the public policy of Nevada. The following words of Section One deal with the issue of this case: "Therefore, it is necessary that the individual workman have full freedom of association, self-organization, and designation of representatives of his own choosing to negotiate the terms and conditions of his employment * * *." The legislative purpose is clear. Employees shall be free to select their bargaining representative. When the employees reject union representation, attempted coercion by the peaceful picketing of the employer is hostile to the legislative purpose and may be enjoined.

In the White Cross case the court alluded to this statute, although it was not in issue, and indicated that injunctive relief would not be constitutionally permissible. Culinary Workers v. Court, 66 Nev. 166, 182, 207 P.2d 990, 998. The obiter of White Cross was given precedential effect in Jensen, notwithstanding an intervening pronouncement by the United States Supreme Court, allowing a state to declare its own policy in this area and ruling that injunctive relief was constitutionally permissible to preclude peaceful picketing in violation of declared state policy. Building Service Employees v. Gazzam, 339 U.S. 532 (1950).

Since the language of White Cross with which we are here concerned rested upon a false premise and was mere dictum, it is our view that the court in Jensen fell into error when it accorded that language the force of precedent. Stanley v. Levy & Zentner Co., 60 Nev. 432, 448, 112 P.2d 1047, 1054 (1941). Seldom is stare decisis appropriately applied to dictum. Fletcher v. Scott, 277 N.W. 270, 272 (Minn. 1938);

Louisville & N. R. Co. v. Hutton, 295 S.W. 175, 179 (Ky. 1927). It is never appropriately utilized when the dictum rests upon a false assumption, since its effect in such instance is the perpetuation of error. Accordingly, we once more overrule the dictum of White Cross, disapprove the Jensen reliance upon it, and reaffirm our opinion in this case.

COLLINS, J., ZENOFF, J., BATJER, J., and MOWBRAY, J., concur.