E. A. BOSWELL AND MARY BOSWELL, HUSBAND AND WIFE, APPELLANTS, *v.* INSURANCE COMPANY OF NORTH AMERICA, A PENNSYLVANIA CORPORATION, RESPONDENT.

No. 5412

June 6, 1969                                         455 P.2d 174

*Galane & Wines,* of Las Vegas, for Appellants.

*Singleton, DeLanoy, Jemison & Reid,* of Las Vegas, for Respondent.

# OPINION

By the Court, THOMPSON, J.:

The issue is whether a $1,000 contractor's surety bond, written pursuant to NRS Chapter 624 as a precondition to licensing a contractor, covers faulty workmanship. The contractor, Metalume, Inc., installed an aluminum roof for the Boswells, which soon began to leak. The Boswells ordered and paid for repairs, and then filed this suit on the surety bond written by Insurance Company of North America, as surety, for Metalume, Inc., principal, to recover the cost of repairs and incidental expenses. The district court ruled that the surety was not liable on its bond for faulty workmanship of the contractor, and entered judgment accordingly. We affirm.

When the bond was written the liability provision of the statute read: "Every person injured by the unlawful acts or omissions of a contractor who has filed a bond . . . may bring an action in a proper court on the bond . . . for the amount of the damage he suffered as a result thereof to the extent covered by the bond. . . ." NRS 624.270.[1] The bond provided: "The liability of the Surety herein shall be confined to unlawful acts, omissions, or defaults of the Principal occurring subsequent to the date hereof, and prior to the expiration of One Year from said date; provided, however, that the Surety shall in no event be liable for labor and material bills incurred by the Principal prior to the date hereof."

The meaning of the bond provision respecting labor and material bills incurred by the principal was the subject of our opinion in Royal Indemnity Co. v. Special Service, 82 Nev. 148, 413 P.2d 500 (1966). We there held that a bond given pursuant to the contractor's licensing statute could have a broader scope than contemplated by the statute, and that by expressly disclaiming prior bills for labor and materials, the surety impliedly assumed liability for subsequent ones.

Although the claimant here relies upon Royal Indemnity to

---

[1]The quoted provision is found in 1958–59 Stat. Nev. 869. NRS 624.270 has since been twice amended. See 1963 Stat. Nev. 695, 1965 Stat. Nev. 350, to increase the bond limits from $1,000 to $5,000 (1963) and then to $20,000 (1965), and to expand coverage beyond "unlawful acts or omissions of a contractor" (1965 Stat. Nev. 351).

authorize recovery on the bond, we find nothing in that decision which possesses relevance to the issue at hand. This case does not concern the surety's liability for labor and material bills supplied to the contractor. Instead, it involves faulty performance by the contractor resulting in damage to the claimant. Neither the bond nor the statute pursuant to which it was written expressly covers this eventuality, unless the words "unlawful acts or omissions" may be construed to impose liability for this circumstance.

It is our opinion that the negligent or faulty performance of the contractor does not constitute either an unlawful act or an unlawful omission within the intendment of the licensing statute or the bond written under it. The statutory language has reference to acts or omissions of the contractor which are declared to be unlawful by ch. 624. Day & Night Manufacturing Co. v. Fidelity & Casualty Co., 85 Nev. 227, 452 P.2d 906 (1969).

As we see it, there is nothing in the contractor's licensing statute under which this bond was written designed to guaranty the quality of work performed or materials supplied, nor does the bond itself carry such guaranty. For the reasons expressed we affirm the judgment below.

COLLINS, C. J., ZENOFF, BATJER, and MOWBRAY, JJ., concur.