VEGAS PAINT COMPANY, APPELLANT, v. TRAVELERS INDEMNITY COMPANY AND UNITED BOND INSURANCE COMPANY, RESPONDENTS.

No. 6217

February 10, 1971                    482 P.2d 813

*Robert K. Dorsey* and *John A. Taylor,* of Las Vegas, for Appellant.

*Leavitt, Edwards, Gladstone & Greenman,* of Las Vegas, for Respondents.

## OPINION

By the Court, YOUNG, D. J.:

The pleadings in this case indicate that the appellant sold and delivered materials to A. R. Bruni, aka Anthony R. Bruni and Bruni Construction Company, between October 1, 1966 and May 5, 1967, and that those materials were used by A. R. Bruni in the construction business. The failure of Bruni to pay for these materials resulted in the appellant bringing an action and obtaining a default judgment against him in the amount of $1,610.98. The appellant attached funds due Bruni from the First Western Savings & Loan Association in Las Vegas, Nevada, and as a result of the attachment was able to obtain $1,000 which was applied to the judgment, leaving a balance of $610.98 now due. The appellant company claims the respondents are indebted to it for the unpaid balance of its claim plus interest by virtue of certain State Contractor's Board Bonds executed and furnished by the respondents pursuant to NRS Chapter 624. The appellant also alleges that the non-payment was due to embezzlement by A. R. Bruni and that this embezzlement constituted an "unlawful act" on his part, in violation of NRS 624.273(1)(c),[1] thereby rendering the bonding companies accountable.

The respondent moved for a judgment on the pleadings. In granting that motion, the trial court held that the failure of a contractor to pay his supplier for materials is not declared to be an unlawful act or omission by NRS Chapter 624.

A review of the cases construing NRS Chapter 624, reveals that the question of whether embezzlement constitutes "an

---

[1]NRS 624.273(1)(c): "1. Each bond or deposit required by NRS 624.270 shall be in favor of the State of Nevada for the benefit of any person who:

" . . .

"(c) Is injured by an unlawful act or omission of the contractor in the performance of a contract."

unlawful act" within the meaning of that chapter has not heretofore been decided by this court.

In Day & Night Mfg. Co. v. Fidelity & Cas. Co. of N.Y., 85 Nev. 227, 452 P.2d 906 (1969), it was held that the mere failure of a contractor to pay his supplier for materials is not an unlawful act or omission. Boswell v. Insurance Company of North America, 85 Nev. 359, 455 P.2d 174 (1969), held that performing faulty work did not impose liability on the bondsman under NRS Chapter 624. In Zalk-Josephs Company v. Wells Cargo, Inc., 77 Nev. 441, 366 P.2d 339 (1961), NRS 205.310 was simply relied upon to show an agency relation between Wells Cargo, the contractor, and Zalk-Josephs, a supplier of material to a subcontractor, and this court held there that NRS 205.310, could not be used to show such an agency relation.

We must interpret the pertinent sections of NRS Chapter 624 as they read when this cause of action arose between October 1, 1966 and May 1967. At that time NRS 624.300 read as follows: "The board shall have power either to suspend or revoke licenses already issued and to refuse renewals of licenses when the applicant or licensee:

"1.    Has been guilty of acts of conduct harmful to either the safety or protection of the public; or

"2.    Has been guilty of dishonesty, fraud and deceit whereby injury has been sustained by another; or

"3.    Cannot establish financial responsibility at the time of renewal; or

"4.    Has failed to comply with and complete a contract; or

"5.    Has been guilty of improper diversion of funds, misuse or misappropriation of funds, willful delay in completion of construction and the like."; and

NRS 624.360 read: "Any violation of this chapter shall constitute a misdemeanor, and any fine levied for such violation shall not be less than $50."

The foregoing statutes indicate that the contractor's board could discipline any contractor who violated any of the prohibited acts, and that the violation of any of the prohibited acts amounted to a misdemeanor. One of the prohibited acts was dishonesty, fraud or deceit. Another of the prohibited acts was improper division of funds, misuse or misappropriation of funds. All are unlawful acts.

Paragraph 6 of the appellant's complaint alleges that the failure of A. R. Bruni to pay the claim of the appellant was "an unlawful act" and Paragraph 7 alleges that failure to pay

the claim of the appellant constituted embezzlement. Embezzlement clearly is a misuse or misappropriation of funds, which is one of the prohibited acts included in NRS 624.300, and if established by sufficient evidence would render the respondents liable to the appellant under NRS 624.273(1)(c).

Only a trial on the merits will indicate whether the evidence can support the allegation of misappropriation of funds or embezzlement.

We therefore reverse and remand for trial.

ZENOFF, C. J., BATJER, MOWBRAY, and THOMPSON, JJ., concur.