**TRUSTEES OF THE CEMENT MASONS AND PLASTERERS HEALTH AND WELFARE TRUST, et al., Plaintiff,**

v.

**FABEL CONCRETE, INC., a Nevada corporation; et al., Defendants.**

**And All Related Cases.**

**No. CVS980098PMPRJJ.**

United States District Court, D. Nevada.

July 26, 2001.

---

Andrew Brignone, Adam Segal, Las Vegas, NV, for Cement Masons & Plasters Joint Pension, Cement Masons & Plasters Jt Appren, Cement Masons & Plasters Vacation, Cement Masons Plaster Health & Wel, Plaintiffs.

Jeffrey Sylvester, Las Vegas, NV, for Commercial Concrete, Defendants.

Gerry Zobrist, Las Vegas, NV, for Robert Fabel.

Kurt Faux, Las Vegas, NV, for Old Republic Surety Co.

### FINDINGS OF FACT, CONCLUSIONS OF LAW, AND JUDGMENT

PRO, District Judge.

On June 1, 2001, this Court approved and entered the Stipulation for Trial by Briefs in lieu of Pretrial Order or Trial; and Various Related Stipulations of Fact and Law (Doc. # 117) submitted by Plaintiffs the Carpenters Joint Trust Funds, Laborers Joint Trust Funds and the Cement Masons & Plasters Joint Trust Funds (collectively "Trust Funds") and Defendant Old Republic Surety Company ("Old Republic"). Under the Stipulation and Order, this Court agreed to consider this case on a written record.

On June 11, 2001, Defendant Old Republic filed its Opening Trial Brief (Doc. # 121). Plaintiff Trust Funds also filed an Opening Trial Brief (Doc. # 122) on June 11, 2001. Old Republic filed an Opposition Brief (Doc. # 124) on June 25, 2001. Trust Funds also submitted an Opposition Trial Brief (Doc. # 125) on June 25, 2001. The parties stipulated that no reply briefs would be filed. Based upon the foregoing, the Court hereby enters the following Findings of Fact and Conclusions of Law:

## I. FINDINGS OF FACT

In October 1996, Fabel Concrete, Inc. ("Concrete") applied to surety, Old Repub-

lic for a contractors license bond. (Defendant's Opening Brief, Ex. C, Concrete Bond Application.) The application named Concrete as the applicant. *Id.* The application also listed a Las Vegas phone number and address for the company. *Id.* Old Republic reviewed the financial information of Concrete and the personal financial information for Robert Fabel in considering the issuance of the bond. (Defendant's Opening Brief, Ex. K, Trans Union Consumer Credit Report.) On October 10, 1996, Old Republic posted a bond for Concrete ("Concrete Bond") for the sum of $30,000 with the Nevada State Contractors Board. (Defendant's Opening Brief, Ex. D, License Bond No. 950407.) This bond was in effect until October 10, 1997. (Defendant's Opening Brief, Ex. E, Cancellation Notice.)

In March 1997, Fabel Enterprise ("Enterprise") applied to Old Republic for a contractors license bond. (Defendant's Opening Brief, Ex. F, Enterprise Bond Application.) The application listed Enterprise as a new business and the applicant as Robert Fabel. *Id.* The application referenced the Concrete Bond. *Id.* Also, the phone number specified by Enterprise on the application was the same one listed by Concrete on its bond application. (Defendant's Opening Brief, Ex. C, Concrete Bond Application; Ex. F, Enterprise Bond Application.) The execution report prepared by Old Republic listed Enterprise as a New Business. (Defendant's Opening Brief, Ex. H, Execution Report.) Old Republic reviewed the personal financial information for Robert and Susan Fabel in considering issuance of the bond. (Defendant's Opening Brief, Ex. L, Letter by Rich, Wightman & Company.) On March 5, 1997, Old Republic posted a bond for Enterprise ("Enterprise Bond") for $30,000 with the Nevada State Contractors Board. (Defendant's Opening Brief, Ex. G, License Bond No. 1201651.) The En-

terprise Bond was in effect until March 5, 1998. (Defendant's Opening Brief, Ex. J, Cancellation Notice.)

On December 6, 1996, Concrete signed a labor agreement which required that Concrete contribute to employee benefit plans administered by Trust Funds. (Defendant's Opening Brief, Ex. N, Appendix G.) The Trust Funds approached Concrete about delinquent trust fund dues in January 1998. (Defendant's Opening Brief, Ex. P, Letter Re: Carpenters Joint Trust Funds.) During auditing, the Trust Funds became aware of Enterprise and calculated Enterprise into its figures to determine the trust fund dues. (Plaintiff's Opening Brief, Ex. 1–7 attached to Ex. G, Independent Accountant's Reports; Ex. 1 attached to Ex. H, Aff. of Brent D. Archibald, ¶ 10; Ex. 2 attached to Ex. H, Aff. of Jong H. Lee, ¶ 6.) Enterprise was non-union and was not bound by any labor agreements. In April 1997, Enterprise changed its name to Commercial Concrete. (Defendant's Opening Brief, Ex. I, Letter.) Subsequently, Robert and Susan Fabel, individually and Enterprise, now called Commercial Concrete filed for bankruptcy. On February 9, 2001, this Court decided the Concrete Bond in favor of the Trust Funds. (Minutes of Court.)

## II. CONCLUSIONS OF LAW

 The Parties stipulated that Concrete and Enterprise were alter-egos under the Employee Retirement Income Security Act ("ERISA"). (Stipulation for Trial by Briefs in Lieu of Pretrial Order; and Various Related Stipulations of Fact and Law, ¶ 6.) An alter-ego exists under ERISA when two firms are deemed to be a single employer because "of common ownership, management, operations and labor relations." *UA Local 343 of the United Ass'n of Journeymen & Apprentices of the Plumbing and Pipefitting In-*

dust. of the United States and Canada, AFL–CIO v. Nor–Cal Plumbing, Inc., 48 F.3d 1465, 1470 (9th Cir.1995), cert. denied 516 U.S. 912, 116 S.Ct. 297, 133 L.Ed.2d 203 (1995). Moreover, one of the firms must have been used " 'in a sham effort to avoid collective bargaining obligations,' rather than for the pursuit of legitimate business objectives." Id. (quoting Brick Masons Pension Trust v. Indust. Fence & Supply, Inc., 839 F.2d 1333, 1336 (9th Cir.1988)).

■ Defendant Old Republic argues that it should not be liable to Plaintiff Trust Funds for the Enterprise Bond because of the fraud and misrepresentations perpetrated by Enterprise on Old Republic in order that Enterprise become bonded.[1] As an example of the alleged fraud and misrepresentations, Old Republic points the Court to the fact that Enterprise listed itself as a "new" business on the bond application. (Defendant's Opening Brief, Ex. F, Enterprise Bond. Application.) However, by stipulating that Concrete and Enterprise were alter-egos, the issue of any fraud or misrepresentation committed by Enterprise is moot. See A. Dariano & Sons Inc. v. Dist. Council of Painters No. 33, 869 F.2d 514, 519 (9th Cir.1989) This Court must only determine whether Old Republic is liable to pay Trust Funds from the Enterprise Bond as a result of the alter-ego status between Concrete and Enterprise.

Under Nev.Rev.Stat. 624.273(1), a surety bond must be available to benefit any person who:

(b) As an employee of the contractor performed labor on or about the site of construction covered by the contract; . . . or

(d) Is injured by any unlawful act or omission of the contractor in the performance of a contract.

Nev.Rev.Stat. 624.273(1)(2001). The language of the Enterprise Bond is similar to § 624.273(1). (Defendant's Opening Brief, Ex. G, License Bond No. 1201651.)

Old Republic issued a bond to Enterprise to cover labor performed regardless of whether Enterprise was in or would enter into any labor agreement. (Defendant's Opening Brief, Ex. G, License Bond No. 1201651; Plaintiffs' Opening Brief, Ex. B, Depo. of Mryel Mitchell at 50.) As alter-egos, Concrete and Enterprise were liable for any delinquent contributions by the other to the employee benefit funds under ERISA. New England Mech. Inc. v. Laborers Local Union 294, 909 F.2d 1339, 1343 (9th Cir.1990). Thus, as an alter-ego of Concrete, Enterprise is liable under 624.273(1)(b) for any delinquent contributions for labor to Plaintiff Trust Funds.

Additionally, even if Enterprise is not liable to Trust Funds under 624.273(1)(b) for labor performed, Enterprise is liable to Trust Funds under 624.273(1)(d) for unlawful acts. The Nevada Legislature wrote the statute to protect workers from unlawful acts by contractors. Day & Night Mfg. Co. v. Fid. & Cas. Co. of New York, 85 Nev. 227, 452 P.2d 906, 907

---

**1.** Trust Funds assert that Old Republic cannot raise the issues of fraud and misrepresentation by Enterprise as defenses because Old Republic did not raise fraud or misrepresentation as affirmative defenses in its Answer. See Fed.R.Civ.P. 8(c) and 9(b). However, fraud and misrepresentation are part of the analysis of an alter-ego determination. A. Dariano & Sons, Inc. v. Dist. Council of Paint-

ers No. 33, 869 F.2d 514, 519 (9th Cir. 1989)("In all alter ego determinations, an element of fraud or misrepresentation also exists."). By raising the issue of obligations owed by Old Republic to entities not the principal on the Enterprise Bond as an affirmative defense, the issues of fraud and misrepresentation are not barred.

(1969)("The bond statute, NRS 624.273(1), was written to protect (1) owners, (2) workmen, and (3) members of the general public including materialmen who are 'injured by the unlawful act or omission of the contractor.'") Robert Fabel stated that Concrete changed its name to Enterprise because of Concrete's union membership. (Plaintiffs' Opening Brief, Ex. I, State of Nevada, State Contractors Board Meeting at CCL0593.) Statements of fraud or misrepresentation by Enterprise to Old Republic are just the sort of unlawful acts which 624.273(1)(d) is meant to protect against.

Even if Old Republic was not aware of Enterprise's connections to Concrete upon issuance of the Enterprise Bond, Old Republic took on any future liabilities incurred by Enterprise. Those liabilities include any resulting from a labor agreement or an attempt by Enterprise to escape liabilities owed by its alter-ego, Concrete. As an alter-ego, Enterprise is responsible for Concrete's liabilities. Therefore, under Nev.Rev.Stat. 624.273(1), Old Republic is liable to Trust Funds for the amount of the Enterprise Bond.

IT IS THEREFORE ORDERED that Judgment shall be entered in favor of Plaintiffs Carpenters Joint Trust Funds, Laborers Joint Trust Funds and the Cement Masons & Plasters Joint Trust Funds and against Defendant Old Republic Surety Company.

IT IS FURTHER ORDERED that the proceeds of the bond be disbursed to Plaintiffs Carpenters Joint Trust Funds, Laborers Joint Trust Funds and the Cement Masons & Plasters Joint Trust Funds.