# IN THE SUPREME COURT OF THE STATE OF NEVADA

GOLNAZ ALEMI, M.D.; AND CARMEN LAFIA, M.D.,
Petitioners,
vs.
THE EIGHTH JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, IN AND FOR THE COUNTY OF CLARK; AND THE HONORABLE NANCY L. ALLF, DISTRICT JUDGE,
Respondents,
and
TERESA RAMIREZ,
Real Party in Interest.

No. 66917

FILED

JAN 0 7 2016

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER GRANTING PETITION FOR WRIT OF MANDAMUS

This is an original petition for a writ of mandamus challenging a district court order granting a motion to amend the complaint and affidavit in a medical malpractice action.

## BACKGROUND

Real party in interest Teresa Ramirez filed a complaint for medical malpractice on July 15, 2014, naming Lawrence Shaw, M.D.; Golnaz Alemi, M.D.; Carmen Lafia, M.D.; and University Medical Center of Southern Nevada[1] as defendants. Ramirez alleged that the defendants negligently performed her cesarean section, causing ureteral damage. She attached to the complaint an affidavit from a medical doctor that did not

---

[1]Ramirez later stipulated to dismiss University Medical Center from the action.

separately name student doctors Alemi and Lafia as parties responsible for the alleged conduct.

Thereafter, Drs. Alemi and Lafia filed a motion to dismiss the complaint for failure to comply with NRS 41A.071 (2002).[2] The doctors argued that the expert affidavit accused only Dr. Shaw of conduct that fell below the standard of care. Thus, according to Drs. Alemi and Lafia, the original complaint was void ab initio as to them, and the district court was precluded from granting Ramirez leave to amend.

In response, Ramirez filed an opposition and counter-motion to amend the complaint and affidavit. Ramirez claimed that because Drs. Alemi and Lafia were resident physicians training under Dr. Shaw, their duties were inseparable from Dr. Shaw's and they were implicated in Dr. Shaw's actions. In the alternative, Ramirez requested leave to amend in the interest of justice.

The district court read the complaint together with the affidavit and found that they were insufficient to state a medical malpractice claim under NRS 41A.071 (2002). The district court therefore granted Drs. Alemi and Lafia's motion to dismiss, but also granted Ramirez's counter-motion to amend the complaint and affidavit. Drs. Alemi and Lafia filed the instant petition for a writ of mandamus.

## DISCUSSION

"A writ of mandamus is available to compel the performance of an act that the law requires as a duty resulting from an 'office, trust or station' or to control an arbitrary or capricious exercise of discretion."

---

[2]NRS Chapter 41A was amended in 2015 to specify the content required in an expert affidavit. 2015 Nev. Stat., ch. 439, § 6, at 2527.

*Cheung v. Eighth Judicial Dist. Court*, 121 Nev. 867, 868-69, 124 P.3d 550, 552 (2005) (quoting NRS 34.160). "[W]e will exercise our discretion to consider such a petition only when there is no plain, speedy and adequate remedy in the ordinary course of law or there are either urgent circumstances or important legal issues that need clarification in order to promote judicial economy and administration." *Id.* at 869, 124 P.3d at 552 (footnotes omitted) (internal quotations omitted). Generally, we "will not entertain a writ petition challenging the denial of a motion to dismiss." *Buckwalter v. Eighth Judicial Dist. Court*, 126 Nev. 200, 201, 234 P.3d 920, 921 (2010). However, if "the issue is not fact-bound and involves an unsettled and potentially significant, recurring question of law," we may consider the petition. *Id.* We consider the instant writ petition because the relevant facts are not in dispute and a recurring question is presented: whether a district court may, pursuant to NRS 41A.071 (2002), grant leave to amend a medical malpractice complaint and affidavit when the affidavit is present, but deficient.

"The construction of a statute is a question of law subject to review de novo." *Beazer Homes Nev., Inc. v. Eighth Judicial Dist. Court*, 120 Nev. 575, 579, 97 P.3d 1132, 1135 (2004) (internal quotation omitted). NRS 41A.071 (2002) provides:

> If an action for medical malpractice or dental malpractice is filed in the district court, the district court shall dismiss the action, without prejudice, if the action is filed without an affidavit, supporting the allegations contained in the action, submitted by a medical expert who practices or has practiced in an area that is substantially similar to the type of practice engaged in at the time of the alleged malpractice.

In *Washoe Medical Center v. Second Judicial District Court*, we held that "a complaint that does not comply with NRS 41A.071 is void ab initio, it does not legally exist and thus it cannot be amended."[3] 122 Nev. 1298, 1304, 148 P.3d 790, 794 (2006). We explained that "in requiring *dismissal* of an action filed without a supporting affidavit, NRS 41A.071 trumps NRCP 15(a), which allows liberal amendment of pleadings, given the substantive policy expressed in NRS 41A.071 against a plaintiff bringing a malpractice action without a medical expert first reviewing and validating the claims." *Baxter v. Dignity Health*, 131 Nev., Adv. Op. 76, 357 P.3d 927, 930 (2015) (discussing *Washoe Medical Center*).

Here, we agree with the district court that, even when reading Ramirez's complaint together with the affidavit under *Zohar v. Zbiegien*, 130 Nev., Adv. Op. 74, 334 P.3d 402, 408 (2014), they failed to comply with NRS 41A.071 (2002). In particular, the complaint and affidavit failed to allege conduct of Drs. Alemi and Lafia that caused Ramirez's injuries. They also did not set forth the applicable standard of care allegedly breached by the student doctors. *See* NRS 41A.009 (2013) (defining medical malpractice as "the failure of a physician . . . in rendering services, to use the reasonable care, skill or knowledge ordinarily used under similar circumstances"). Due to the failure of the complaint and

___

[3]We note that although dictum of *Borger v. Eighth Judicial District Court*, 120 Nev. 1021, 1029-30, 102 P.3d 600, 606 (2004) anticipates allowing amendments, our more recent decision in *Washoe Medical Center*, 122 Nev. at 1304, 148 P.3d at 794, is controlling. *See Vegas Franchises, Ltd. v. Culinary Workers Union, Local No. 226*, 83 Nev. 422, 424, 433 P.2d 263, 265 (1967) ("Seldom is stare decisis appropriately applied to dictum.").

affidavit to allege a standard of care and conduct attributable to Drs. Alemi and Lafia, NRS 41A.071's policy of ensuring that a medical expert has first validated the claim is not demonstrated. For these reasons, the complaint and affidavit were noncompliant. Thus, they were void ab initio and the district court was required to dismiss without leave to amend. Accordingly, we

ORDER the petition GRANTED AND DIRECT THE CLERK OF THIS COURT TO ISSUE A WRIT OF MANDAMUS instructing the district court to dismiss the complaint as to Drs. Alemi and Lafia.

_____, C.J.
Parraguirre

_____, J.
Hardesty

_____, J.
Douglas

_____, J.
Saitta

_____, J.
Pickering

CHERRY, J., with whom, GIBBONS, J., agrees, dissenting:

In this matter, it is our belief that the majority failed to properly consider *Zohar's* directive to read the complaint with the affidavit. It is our belief that since the complaint clearly provides the names of Drs. Alemi and Lafia, the affidavit, although not sufficiently identifying their actions, was sufficient.

_____, J.
Cherry

_____, J.
Gibbons

cc:    Hon. Nancy L. Allf, District Judge
       Carroll, Kelly, Trotter, Franzen, & McKenna & Peabody
       Brooks Hubley LLP
       Eighth District Court Clerk